Mary C. WALKER, Appellant,

v.

Dr. Charles N. THORNTON; Collom and Carney Clinic Association; Sisters of Charity of the Incarnate Word, Houston, Texas, d/b/a St. Michael Health Care; Presbyterian Hospital of Dallas, Appellees.

No. 06–01–00037–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 3, 2002.

Decided Jan. 23, 2002.

Mary C. Walker, New Boston, appellant Pro Se.

Kay E. Ellington, Law Offices of Joel Steed, PC, Attorney for appellee, Dr. Charles N. Thornton.

Scott W. MacLaren, Gwinn & Roby, Dallas, Attorney for Presbyterian Hospital of Dallas.

Troy A. Hornsby, Miller, James, Miller & Hornsby, LLP, Texarkana, Attorney for St. Michael Health Care.

Alan Harrel, Atchley, Russell, Waldrop & Hlavinka, LLP, Texarkana, Attorney for Collom & Carney Clinic.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Mary Walker appeals from a judgment dismissing her malpractice lawsuit against various doctors and health care institutions. According to her allegations, she underwent laser cataract surgery, had complications resulting in a massive infection, and lost vision in her left eye. Walker was represented by counsel at trial. The judgment states the trial court dismissed her lawsuit because counsel did not file an expert report as required by the Texas Medical Liability and Insurance Improvement Act, TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp. 2002). The trial court found that a motion to extend time to file an expert report was without merit because counsel failed to show that the lack of the report was due to accident or mistake.

A brief prepared by Walker's trial counsel was filed in this Court on May 17, 2001. Walker informed this Court, after the brief had been filed, that she had discharged her trial counsel before the brief's preparation and that she strongly objected to its filing. Accordingly, that brief will not be considered in our resolution of this appeal.

In her brief, prepared pro se, Walker complains that her expert report was not filed as required by Article 4590i because her attorney, Woodson Walker,[1] was incompetent and because she was misled by his repeated statements that her claim was in the process of being settled. She alleges this constitutes a violation of the applicable disciplinary rules. Her second issue reads as follows:

> To prevent *Plain Error* or *Manifest of Injustice* because Mary C. Walker, "Who is a good USA Citizen", was done wrong by professional's Misconduct that this Court of Appeals has the power to stop and should stop for the sake of our United States of America People.

Walker has, at best, only indirectly raised any complaint alleging error by the trial court. Her position and the contents of her arguments have created a dilemma for this Court, because the right to appeal is by definition only from a final judgment rendered by a trial court,[2] and an appeal may be successfully maintained only if the appellant can show the trial court committed error justifying reversal.[3]

We have before us a judgment about which the appellant has not complained. Further, she has not directly argued or set out any argument supported by legal au-

---

1. The plaintiff in this case is Mary Walker. Her trial counsel's name is Woodson Walker. The attorney will hereafter be referred to as "counsel" to avoid confusion.

2. TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997).

3. TEX.R.APP. P. 44.1.

thority to show any error by the trial court. Instead, she argues in her brief that trial counsel was incompetent and that, because of his incompetence, he failed to timely obtain and file an expert report-a document that is absolutely critical to the pursuit of this cause of action.

 Walker asks this Court to provide affirmative relief by reinstating her lawsuit based on incompetence of counsel. This Court cannot provide that relief unless we find the trial court committed error. Her claim that counsel was incompetent is not one that would justify reversal, but is a claim that might be pursued in a separate proceeding.

 Texas Rule of Appellate Procedure 43.3(b) permits this Court to remand for a new trial in the interests of justice. *See* TEX.R.APP. P. 43.3(b); *Texas Parks & Wildlife Dep't v. Wilson,* 991 S.W.2d 93, 97 n. 9 (Tex.App.-Austin), *pet. denied,* 8 S.W.3d 634 (Tex.1999) (per curiam); 6 MC-DONALD & CARLSON, TEX. CIV. PRAC. § 33.14 (1998). Similarly, we are to liberally construe briefing rules in the interests of justice. TEX.R.APP. P. 38.1(e), 38.9; *Shull v. United Parcel Serv.,* 4 S.W.3d 46, 51 (Tex. App.-San Antonio 1999, pet. denied), *cert. denied,* 531 U.S. 835, 121 S.Ct. 94, 148 L.Ed.2d 53 (2000).

 We can determine from Walker's brief that her general complaint lies in the dismissal of her lawsuit because the expert opinion was not timely filed, which necessarily implicates the trial court's refusal to grant additional time in which to obtain such an opinion. On our own initiative, and as authorized by TEX.R.APP. P. 2, we find good cause to suspend the operation of the briefing rules in this case because justice requires this Court to review the underlying basis for the trial court's decision to dismiss. That issue was raised marginally by Walker's brief as the basis for her complaint against her counsel, and the issue was adequately briefed by the appellees in their response. Accordingly, in the interests of justice, we will review the underlying allegation.

Walker's suit was dismissed by the trial court pursuant to motions filed by the appellees seeking dismissal because no expert report had been filed within the 180–day time period set out in Article 4590i, no motion seeking additional time had been filed during the thirty-day grace period (which had long since expired), and also arguing there was no good reason for the delay which would permit the court to implement the final catchall extension provision of Section 13.01(g). TEX. CIV. PRAC. & REM.CODE ANN. art. 4590i (Vernon Supp. 2002).

The lawsuit was filed on March 16, 2000. The 180–day time period for the expert report expired on September 12, 2000. Motions to dismiss for failure to comply with the expert report requirement were filed by the various defendants on November 6, 7, and 22, 2000, and on January 19, 2001. However, Walker's counsel took no action until January 12, 2001, when he filed a response and a motion to extend time to file an expert report. A hearing took place ten days later, on January 22, 2001. Clearly, the thirty-day grace period authorized in Section 13.01(f) had expired and that section cannot apply to this case.

Our review is thus focused on the request for additional time to file the expert report, which may be granted in some circumstances under Section 13.01(g).

Section 13.01(g) provides for a thirty-day grace period, as follows:

> Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure

of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g).

▆▆▆ Section 13.01(g) contains no requirement that the extension be sought before the expiration of 180 days. It requires only that the request for an extension be made "before any hearing" on a motion to dismiss under Section 13.01(e). *Pfeiffer v. Jacobs*, 29 S.W.3d 193, 197 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). Although the time delay in this case was considerable, Walker's motion for an extension was timely under Section 13.01(g) because it was filed before the hearing on the defendant's motion to dismiss. Accordingly, the trial court had discretion to consider Walker's motion.

This Court addressed a similar situation in *Roberts v. Med. City Dallas Hosp., Inc.*, 988 S.W.2d 398 (Tex.App.-Texarkana 1999, pet. denied). In reviewing this section of the statute, we recognized that it does not define what constitutes intentional acts or conscious indifference. We then adopted the construction of those terms as formulated by other courts and applied them in a manner similar to their application in a default judgment context.[4] If Walker's failure to file the expert opinion was not intentional or the result of conscious indifference, the trial court abused its discretion in denying the motion to extend time.

▆▆▆ In determining whether there was intentional disregard or conscious indifference, we look to the knowledge and acts of Walker. *Id.* at 403. Proof of accident or mistake negates intent or conscious indifference. *McClure v. Landis*, 959 S.W.2d 679, 681 (Tex.App.-Austin 1997, pet. denied). Some excuse, but not necessarily a good excuse, is enough to show a lack of intentional disregard or conscious indifference. Conscious indifference requires more than negligence. *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex.1995).

At the hearing on the motion to dismiss, Walker's counsel introduced evidence through affidavits and testimony. Counsel's affidavit states he had consulted with a physician (Dr. Roger Harper) at the University of Arkansas for Medical Sciences who had offered a professional opinion that negligence occurred in this case, but after suit was filed, Harper refused to appear as a witness (after discovering that the doctor in question was a former student). Counsel stated that he had attempted to convince Harper to change his mind, to no avail; that he had attempted to obtain a second medical opinion from Dr. John F. Kozlovsky; and that he was "confident that an expert opinion is imminent."

The record shows the following timetable:

| | |
|---|---|
| Sept. 21, 1999 | Records sent to Dr. Harper |
| March 16, 2000 | Suit filed |
| May 7, 2000 | Responsive letter from Dr. Kozlovsky, acknowledging receipt of the file and setting out his fees |
| Sept. 12, 2000 | The 180–day time period for the expert report expired |

---

4. Citing *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *Horsley–Layman v. Angeles*, 968 S.W.2d 533, 536 (Tex.App.-Texarkana 1998, no pet.); *McClure v. Landis*, 959 S.W.2d 679, 681 (Tex.App.-Austin 1997, pet. denied).

| | |
|---|---|
| Oct. 12, 2000 | Thirty-day grace period authorized in Section 13.01(f) expired |
| Nov. 6, 2000 | Filing of first motion to dismiss for failure to file expert report |
| | Letter to Dr. Kozlovsky thanking him for his May letters, enclosing money, and asking him to call promptly |
| Nov. 7, 2000 | Filing of second motion to dismiss for failure to file expert report |
| Nov. 8, 2000 | Letter from Dr. Laurence R. Dry (Tennessee M.D.) acknowledging receipt of the medical records and requiring a $500.00 review fee in advance |
| Nov. 9, 2000 | Letter to Dr. Harper stating he was unsuccessful in obtaining a written report from Dr. Kozlovsky and asking for his help |
| Nov. 22, 2000 | Filing of third motion to dismiss for failure to file expert report |
| Nov. 28, 2000 | Letter to Dr. Dry enclosing a check to replace the check lost by Airborne Express |
| Jan. 12, 2001 | Filing of plaintiff's response and motion to extend time |
| Jan. 19, 2001 | Filing of fourth motion to dismiss for failure to file expert report |
| Jan. 22, 2001 | Hearing on motions to dismiss |

Counsel also stated in his response he had assigned the case to a new associate who was unfamiliar with Texas trial practice and who has since resigned from the firm. At the hearing, counsel stated he had an oral opinion by Dr. Harper before the suit was filed. Counsel took the position this record showed he had been "feverishly" attempting to obtain a written expert report up to the date of the hearing.

■■■■ The question is whether the trial court abused its discretion by denying the motion seeking additional time. According to the plain language of the statute, an extension of time must be granted if the requirements of Section 13.01(g) are met and if the verified motion sets forth facts which, if true, would negate intentional or consciously indifferent conduct. *See Dir., State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex. 1994). Some excuse, but not necessarily a good excuse, is enough to warrant an extension of time to file the expert report, so long as the act or omission causing the failure to file the report was, in fact, accidental. *Horsley–Layman v. Angeles,* 968 S.W.2d 533, 536 (Tex.App.-Texarkana 1998, no pet.); *Jackson v. Mares,* 802 S.W.2d 48, 50 (Tex.App.-Corpus Christi 1990, writ denied).

The Houston Court of Appeals in *Pfeiffer* set out the standards for review as follows.

> Once it is determined that a motion for an extension under Section 13.01(g) is timely, the court must decide whether the claimant's failure to meet the deadline is excused by accident or mistake, and was not intentional or the result of conscious indifference. The plaintiff, as movant, has the burden "to show some excuse of accident or mistake to establish that she did not act intentionally or with conscious indifference." *Schorp,* 5 S.W.3d at 732 (citing *McClure v. Landis,* 959 S.W.2d 679, 681 (Tex.App.-Austin 1997, pet. denied)); *see also Horsley–Layman,* 968 S.W.2d at 536 (noting that the burden of production "clearly" rests with the party moving for the extension). Courts interpreting Section 13.01(g) have held that "[s]ome excuse, but not necessarily a good excuse, is enough to warrant an extension of time to file the expert report, so long as the act or omission causing the failure to file the report *was, in fact, accidental.*" *Nguyen v. Kim,* 3 S.W.3d 146, 152 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (citing *Horsley–Layman,* 968 S.W.2d at 536) (emphasis added); *see also Wood,* 988 S.W.2d at 832 (citations omitted). Generally, an accident or mistake in this context is characterized by inadequate knowledge of the facts or an unexpected happening that precludes compliance. *See Nguyen,* 3 S.W.3d at 152. For ex-

ample, "calendaring errors" have been held to establish accident or mistake. *See id.; see also Presbyterian Health-care Sys. v. Afangideh*, 993 S.W.2d 319, 323 (Tex.App.-Eastland 1999, pet. denied) (citations omitted). By contrast, conscious indifference means "failing to take some action which would seem indicated to a person of reasonable sensibilities under similar circumstances." *Id.* (citing *Prince v. Prince*, 912 S.W.2d 367, 370 (Tex. App.-Houston [14th Dist.] 1995, no writ)). In determining whether there was intentional or conscious indifference, the court looks to the knowledge and acts of the claimant or his attorney. *See Horsley–Layman*, 968 S.W.2d at 536 (citing *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex.1984)). *Pfeiffer*, 29 S.W.3d at 198.

The court concluded the plaintiff did not demonstrate that the failure to comply was excused by either accident or mistake, finding she intentionally failed to file the report because her physician required a further examination.

> Although Pfeiffer complains that her physician "required seeing Appellant for the six (6) month period prior to March 12, 1999," she presents no excuse which shows that her failure to comply with Section 13.01 "was, in fact, accidental." Because Pfeiffer did not meet her burden to show that her failure to timely file an expert report was the result of an accident or mistake, as required to obtain an extension of time under Section 13.01(g), the trial court did not abuse its discretion by granting Dr. Jacobs's motion to dismiss her case with prejudice.

*Id.* at 198–99 (citation omitted).

The present case is unlike the situation faced by this Court in *Roberts*, because in that case counsel did attempt to file a report, but what he attempted to file was not the correct document. We concluded that counsel's failure to read the statute did not demonstrate conscious indifference, only negligence. *Roberts*, 988 S.W.2d at 403, citing *Smith*, 913 S.W.2d at 468. We also found that giving the file to an inexperienced associate was not conscious indifference in light of counsel's statements he believed (incorrectly) the expert report had been filed.

The question is whether the case now before this Court contains facts which would support the Court's conclusion that conscious indifference was shown to exist.

■ It does. Counsel did nothing for a four-month period, despite knowing he had no expert report in hand. His failure to take any affirmative action from May, through the date on which the report was due, and until a motion to dismiss was filed in November does not reflect mistake or accident. Even after the 180 days for filing the report expired on September 12, 2000, counsel made no effort to obtain the report until November 6, 2000, the date the first motion to dismiss was filed. There is no suggestion that counsel was unaware of the necessity (and we do not suggest ignorance is a defense), and the only excuse was the doctors had not yet provided counsel with an opinion. This closely parallels the facts in *Pfeiffer*.

We conclude that, based on the evidence before it, the trial court did not abuse its discretion by dismissing Walker's lawsuit in accordance with Article 4590i, § 13.01(e).

Because of our disposition of this ground of error, we need not reach the alternative arguments raised by appellees Charles N. Thornton and Presbyterian Hospital of Dallas.

We affirm the judgment.