COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-061-CV

 

 

BILLY WAYNE SELLERS                                                        APPELLANT

 

                                                   V.

 

DANIEL L. FOSTER, D.O.                                                         APPELLEE

 

                                              ------------

 

            FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








This appeal is from the trial
court=s order dismissing the underlying suit for want of prosecution.  In seven issues, appellant Billy Wayne
Sellers complains generally that the trial court abused its discretion by
dismissing the case for want of prosecution and failing to reinstate it upon Sellers=s verified motion for reinstatement. 
Although we determine that the trial court abused its discretion by
failing to reinstate the case because the evidence shows that Sellers did not
have notice of the October 28, 2004 dismissal hearing, because we also
determine that the error is harmless, we affirm.

Background Facts

Sellers filed the underlying
medical malpractice suit against appellee Daniel L. Foster, D.O. on August 29,
2003.  Foster answered on December 22,
2003.  A little over eight months later,
on September 8, 2004, Foster filed a motion to dismiss the case and a motion
for sanctions based on Sellers=s failure to file a timely expert report in accordance with section 13.01(d)
of the Medical Liability and Insurance Improvement Act.[1]  The next document in the clerk=s record is a copy of a letter dated September 16, 2004, from the
trial court to the parties, which states as follows:

The
above styled case has been on file for nine months and is not currently set for
trial.

 

There
is a tentative dismissal date set below. 
In the meantime, you have three options.

 








Option
#1   File with the court a
mediation scheduling order which schedules the pre-mediation discovery required
in your case to prepare for mediation, the mediator=s
name, or the DRS, and the deadline date for mediation.  The court will expect a report on that date
of the success or failure of your mediation.

 

Option
#2   File with the court a trial
scheduling order which schedules the required discovery for your case, if any,
and a trial date.  This must be approved
and signed by all attorneys.

 

Option
#3   If you are not able to perform
Option #1 or Option #2 then appear at the dismissal docket on October 28,
2004 at 10:00 a.m. 
We will help you work out a trial date and schedule.  We can also discuss any other problems which
are involved in your case.

 

Sellers did not appear on October 28,[2]
nor did he file a mediation or trial scheduling order before that date.  Thus, the trial court signed an order
dismissing the case that same day.  

On November 19, 2004, Foster=s counsel sent a letter to the trial court coordinator forwarding Awritten notice of [Foster=s] withdrawal of Defendant=s Motion to Dismiss and Motion for Sanctions.@  In the letter, he stated that
it was his Aunderstanding
that this matter has been fully and finally dismissed.@  That letter is file-stamped
November 29, 2004. 








On November 24, 2004, Sellers=s counsel filed a verified motion for reinstatement.  In the motion, she contended that she never
received the trial court=s September
16 letter, which was addressed to her and to Foster=s counsel.  She also contended
that good cause existed to retain the case on the docket because Sellers has a
meritorious claim.  In addition, she
attached an expert report to the motion and informed the trial court that she
had submitted a proposed mediation scheduling order and a proposed trial
scheduling order to Foster=s counsel.  On November 30,
2004, the trial court set a hearing on the reinstatement motion for December
10, 2004.  That same day, Foster=s counsel sent a letter to the court coordinator and to Sellers=s counsel, indicating that a hearing on Foster=s motion to dismiss and for sanctions in accordance with article
4590i, section 13.01(e) was also set for December 10, 2004.[3]  Tex.
Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(e) (1995 version).








On December 9, 2004, Foster
filed a response to the motion to reinstate, contending that Sellers could not
show good cause to retain the case on the trial court=s docket because his case is not meritorious in that he failed to
timely file an expert report in accordance with article 4590i, section
13.01(d).  Id. ' 13.01(d).  Additionally, Foster
filed an objection to and motion to strike the expert report attached to
Sellers=s motion on the same grounds. 
Sellers filed a response requesting an extension of time to file the
expert report under sections 13.01(f) and (g). 
Id. ' 13.01(f),
(g).

After a hearing on December
10, 2004, the trial court denied Sellers=s motion to reinstate.[4]  

Issues Presented








Sellers
contends that the trial court abused its discretion by dismissing the case for
want of prosecution and by failing to reinstate it because (1) Sellers proved
that his counsel did not receive the September 16, 2004 letter or any other
notice of the October 28, 2004 hearing; thus, the failure to appear at that
hearing was not intentional or the result of conscious indifference (Sellers=s first through third issues), (2) Sellers was not required to show
that his claim is meritorious before being entitled to reinstatement (Sellers=s fourth issue), and (3) even if the evidence supports the finding
that Sellers=s counsel
received the September 16, 2004 letter, the letter did not provide adequate
notice that the trial court would dismiss under either rule of civil procedure
165a or the trial court=s inherent
authority (Sellers=s fifth
through seventh issues).  We will address
Sellers=s first through fourth issues first because they are dispositive.  See Tex.
R. App. P. 47.1; Tex. Mut. Ins. Co. v. Surety Bank, N.A., 156
S.W.3d 125, 131 n.4 (Tex. App.CFort Worth 2005, no pet.).

Whether Sellers Received
Notice of the October 28 Dismissal Date

Applicable Law

When a party seeks review of
a case that has been dismissed for want of prosecution and in which the trial
court denied the party=s motion to
reinstate, the party may challenge both the dismissal and the denial of
reinstatement.  Maida v. Fire Ins.
Exch., 990 S.W.2d 836, 838 (Tex. App.CFort Worth 1999, no pet.). 
Reinstatement of the underlying suit is warranted if the appellate court
determines that the party is entitled to prevail under either theory.  Id. 
We review both the trial court=s dismissal and refusal to reinstate for an abuse of discretion.  Herrera v. Rivera, No. 08-03-00504-CV,
2005 WL 1048109, at *4 (Tex. App.CEl Paso May 5, 2005, no pet.); Maida, 990 S.W.2d at 839.  In reviewing a court=s refusal to reinstate, we must first look to the court=s basis for dismissal.  Maida,
990 S.W.2d at 839.








A trial court has authority
to dismiss a case for want of prosecution under either rule 165a of the Texas
Rules of Civil Procedure or the court=s inherent power to maintain and control its docket.  See Villarreal v. San Antonio Truck &
Equip., 994 S.W.2d 628, 630 (Tex. 1999); Maida, 990 S.W.2d at
839.  A trial court may dismiss under
rule 165a on the Afailure of
any party seeking affirmative relief to appear for any hearing or trial of
which the party had notice,@ or when a case is Anot disposed of within time standards promulgated by the Supreme
Court.@  Tex. R. Civ. P. 165a(1)‑(2); Villarreal, 994
S.W.2d at 630.  In addition, the common
law vests the trial court with the inherent power to dismiss independently of
the rules of procedure when a plaintiff fails to prosecute his or her case with
due diligence.  Villarreal, 994
S.W.2d at 631; State v. Rotello, 671 S.W.2d 507, 508‑09 (Tex.
1984); Herrera, 2005 WL 1048109, at *3.








Because the record in this
case does not contain formal findings of fact or conclusions of law and the
dismissal order does not specify the reason for dismissal other than to
generally dismiss for Awant of
prosecution,@ we must
affirm the trial court=s judgment
on any theory supported by the record.  Dueitt
v. Arrowhead Lakes Prop. Owners, Inc., 180 S.W.3d 733, 737 (Tex. App.CWaco 2005, pet. denied); Maida, 990 S.W.2d at 839.  Here, Foster concedes that the only theory of
dismissal applicable to this case is under rule 165a(1), dismissal for failure
to appear at the October 28, 2004 hearing.[5]  He contends that Sellers failed to prove that
his counsel did not receive the September 16, 2004 letter giving notice of the
October 28, 2004 dismissal date.








A party must be provided with
notice and an opportunity to be heard before a court may dismiss a case for
want of prosecution under either rule 165a or its inherent power.  See Tex.
R. Civ. P. 165a(1); Villarreal, 994 S.W.2d at 630.  The requirements of notice and a hearing are
necessary to ensure that the dismissed claimant has received due process.  Tex. Sting Ltd. v. R.B. Foods, Inc.,
82 S.W.3d 644, 648 (Tex. App.CSan Antonio 2002, pet. denied); Franklin v. Sherman ISD, 53
S.W.3d 398, 401 (Tex. App.CDallas 2001, pet. denied).  A
trial court may not dismiss on any ground other than those for which it gave
notice of an intent to dismiss.  Keough
v. Cyrus USA, Inc., No. 14-04-00660-CV, 2005 WL 3435305, at *1 (Tex. App.CHouston [14th Dist.] Dec. 15, 2005, no pet. h.); see Villarreal,
994 S.W.2d at 632-33.  Additionally,
notice of intent to dismiss under one ground does not charge a party with
notice under any other ground.  Keough,
2005 WL 3435305, at *1; see Villarreal, 994 S.W.2d at 633.

Rule 165a(1) provides in
pertinent part that A[n]otice of
the court=s intention
to dismiss and the date and place of the dismissal hearing shall be sent by the
clerk to each attorney of record, and to each party not represented by an
attorney and whose address is shown on the docket or in the papers on file, by
posting same in the United States Postal Service.@  Tex. R. Civ. P. 165a(1). 
Although this rule requires the clerk to mail the notice to the parties
or their attorneys, it does not require the clerk to note on the docket sheet
the fact that the notice was mailed in accordance with the rule.  Alexander v. Lynda=s Boutique, 134 S.W.3d 845, 849 (Tex.
2004).








Evidence that the notice was
placed in the United States mail with the proper address and sufficient postage
creates a presumption that the notice was received.  Southland Life Ins. Co. v. Greenwade,
138 Tex. 450, 159 S.W.2d 854, 857 (1942); Texaco, Inc. v. Phan, 137 S.W.3d
763, 767 (Tex. App.CHouston [1st
Dist.] 2004, no pet.); Mayad v. Rizk, 554 S.W.2d 835, 837-38 (Tex. App.CHouston [14th Dist.] 1977, writ ref=d n.r.e.).  But testimony that
the notice was not received is enough to rebut this presumption, thus creating
a fact issue to be resolved by the trial court. 
Greenwade, 159 S.W.2d at 857-58; Phan, 137 S.W.3d at 767.

Sellers contends that A[t]he undisputed evidence below was that Sellers=[s] counsel did not receive the September 16, 2004 tentative dismissal
letter@ and that Athe record
does not show that the letter was sent to Sellers=[s] counsel.@  Whether a party received notice of a trial
court=s intent to dismiss is a question of fact for the trial court to
determine.  See Mayad, 554 S.W.2d
at 837-38; cf. Phan, 137 S.W.3d at 768 (determining when notice of
judgment received under rule 306a).  We
review a trial court=s finding
that the party received the notice for sufficiency of the evidence.  See Mayad, 554 S.W.2d at 837; cf.
Hot Shot Messenger Serv., Inc. v. State, 798 S.W.2d 413, 414 (Tex. App.CAustin 1990, writ denied) (applying same standards in analyzing
whether party received notice of judgment under rule 306a); Barrett v.
Mantooth, 554 S.W.2d 799, 802 (Tex. Civ. App.CHouston [14th Dist.] 1977, writ ref=d n.r.e.) (same).








In a trial to the court in which no findings of fact or
conclusions of law are filed, the trial court=s judgment implies
all findings of fact necessary to support it. 
Pharo v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996).  When a reporter=s record is filed,
however, these implied findings are not conclusive, and an appellant may
challenge them by raising both legal and factual sufficiency of the evidence
issues.  BMC Software Belg., N.V. v.
Marchand, 83 S.W.3d 789, 795 (Tex. 2002). 
When a sufficiency issue is raised, the applicable standard of review is
the same as that to be applied in the review of jury findings or a trial court=s findings of
fact.  Roberson v. Robinson, 768
S.W.2d 280, 281 (Tex. 1989).  Here,
Sellers appears to be challenging the legal sufficiency of the evidence to show
that he received the September 16, 2004 letter.








A legal sufficiency challenge may only be sustained when
(1) the record discloses a complete absence of evidence of a vital fact, (2)
the court is barred by rules of law or of evidence from giving weight to the
only evidence offered to prove a vital fact, (3) the evidence offered to prove
a vital fact is no more than a mere scintilla, or (4) the evidence establishes
conclusively the opposite of a vital fact. 
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998), cert. denied, 526 U.S. 1040 (1999);
Robert W. Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 TEX. L. REV. 361, 362-63 (1960).  In
determining whether there is legally sufficient evidence to support the finding
under review, we must consider evidence favorable to the finding if a
reasonable factfinder could, and disregard evidence contrary to the finding
unless a reasonable factfinder could not. 
City of Keller v. Wilson, 168 S.W.3d
802, 827
(Tex. 2005).  If a party is attacking the
legal sufficiency of an adverse finding on an issue on which the party had the
burden of proof, and there is no evidence to support the finding, we review all
the evidence to determine whether the contrary proposition is established as a
matter of law.  Dow Chem. Co. v.
Francis, 46 S.W.3d 237, 241 (Tex. 2001); Sterner v. Marathon Oil Co.,
767 S.W.2d 686, 690 (Tex. 1989).

Applicable Facts

Here, the
trial court=s judgment
implies a finding that Sellers=s counsel received the September 16, 2004 letter.  Thus, we will review the sufficiency of the
record to support that implied finding.

In her verified motion to
reinstate the case, Sellers=s counsel stated as follows:

a.      On or about November 3, 2004, [Sellers=s]
attorney received an Order signed by the Court on October 28, 2004, dismissing
[Sellers=s]
case for want of prosecution.

 

b.     Upon receipt of the Order dismissing [Sellers=s]
cause of action, [Sellers=s]
attorney immediately researched the Court=s file where she discovered
the Court=s
letter of September 16, 2004, setting a tentative dismissal date of October 28,
2004, unless the parties filed a mediation or trial scheduling order prior to
that date.

 

c.      [Sellers=s]
attorney further immediately reviewed all of the documents contained in
[Sellers=s]
file, and verified that the file did not contain a copy of or a reference to
the Court=s
letter setting a tentative dismissal date of October 28, 2004.

 








d.     Further, the calendar for [Sellers=s]
attorney does not contain any reference to the tentative dismissal date on
October 28, 2004.

 

e.      Thus, [Sellers=s] failure to comply with the
options outlined in the Court=s letter of September 16,
2004, were unintentional, and were instead due to an accident or mistake in
that [Sellers=s]
attorney did not have any knowledge of the Court=s
September 16, 2004 letter until November 3, 2004, when she researched the Court=s
file after receiving the Order of October 28, 2004 dismissing [Sellers=s]
case for want of prosecution.  [Emphasis added.] 

 

In his response to the
reinstatement motion, Foster contended that the Acase should not be reinstated because [Sellers=s] counsel failed to appear at the hearing for dismissal for want of
prosecution, and because [Sellers] has failed to establish that he has a
meritorious case.@  In the response, Foster did not attempt to
rebut Sellers=s counsel=s contention that she did not receive notice of the October 28
dismissal date; instead, he focused on Sellers=s alleged failure to Aestablish that there is good cause to maintain this case on the docket
because [Sellers] has failed to establish that this case is meritorious.@  In other words, Foster
contended that Sellers should have to prove that his claim was meritorious
before he was entitled to reinstatement.

At the beginning of the
hearing on Sellers=s motion to
reinstate, the following exchange occurred:

THE COURT: 
. . . I think we=re
here on a motion to reinstate; correct?








[SELLERS=S COUNSEL]:  Yes, sir.

 

THE COURT: 
And then a motion for sanctions or B

 

[FOSTER=S COUNSEL]:  To dismiss for failure to file a 1301 report
and for sanctions.

 

The trial court then heard from Sellers=s counsel, who began by telling the trial court that she assumed the
parties would take up the motion to reinstate first.  She then stated as follows:

By way of
history of this matter, on or about November the 3rd I received an order
dismissing this case from the Court. 
Immediately after I received that order I came to the Court and looked
in the file to see, because I had no record or any kind of information in my
office that there had been any kind of hearing or notice of a motion to dismiss
or any type of notice from the Court, and at that time I discovered there was a
letter that the Court had sent out dated September the 16th of 2004, and I will
represent to the Court that nowhere in my files nor in our incoming log at my
office did we receive that letter. 
However B and I also
noted on the Court=s markings
on it within the file that there is some kind of notice when the order of
dismissal was sent out, that it was sent to my office, but there wasn=t one on the September the 16th letter.  However, I=m not quarreling that someone very efficient in this court sent a
letter, but it did not reach our office. 
We do not have it.  It was not on
my calendar.  We also log in all incoming
mail, and it wasn=t on the
incoming mail log.  [Emphasis added.] 

Sellers=s counsel went on to argue that Sellers had a meritorious case and
that she had submitted to Foster a proposed pretrial scheduling order and a
proposed mediation order. 








Foster=s counsel began his argument by stating that the case was dismissed
for want of prosecution on October 28, 2004 and that A[w]e received notice that the B we received the mail notice from the Court.@[6]  He went on to say that

I don=t
know how [Sellers=s
counsel] does things, and I certainly can=t vouch for the fact that she
did or didn=t
receive anything.  What I can say is that
she hasn=t met
the requirements to reinstate this case on the docket, and that=s,
one, she must show that she has a meritorious case.  This kind of dovetails into the second matter
that we=re
here for, and that is my motion to dismiss and also my written objection that I
filed yesterday as to the timeliness of the expert report.

 

Foster=s counsel then began to argue that Sellers=s case was not meritorious because Aeven if she were to show the accident, mistake and so forth for the
hearing on dismissal for want of prosecution, she cannot now turn back the
clock and timely file an expert report.@ 

At that point, Sellers=s counsel interjected, stating that she had directed her comments to
the motion to reinstate only.  Foster=s counsel responded that his arguments pertained to whether Sellers
had a meritorious claim, reiterating that such a finding was a requirement to
reinstate the case on the docket.








After Foster=s argument, Sellers=s counsel responded by contending that she was entitled to an
extension of time to file the expert report under section 13.01(g) because her
failure to timely file the report was due to accident or mistake rather than
conscious indifference.  According to
Sellers=s counsel, her legal assistant stole money from her and removed files,
including Sellers=s file, from
her office and computer.  Sellers=s counsel did not realize what had happened until three days before
receiving Foster=s September
8, 2004 motion to dismiss for failure to file an expert report.  That same day, she called the expert to
determine if he had provided her with a report. 

Sellers=s counsel further stated, 

We
had a system in our office B now then, all the faxes come
through to my desk, but we had a system in our office where on the last Friday
of each month we have an afternoon that we close our office and we go over all
the files, because I keep a pending list in addition to the file on the
computer.  I had a very good legal
assistant that omitted both . . . I don=t know why.@ 

 

According to Sellers=s counsel, AThe accident
was absolutely because I didn=t have his case on any kind of docket, I didn=t have a file in there, there wasn=t a file on the computer, there was nothing.  It=s been recreated now, and we have located the file in the closed
files, and we=ve gone
forward.@ 








Analysis








The only
evidence regarding whether Sellers=s counsel received the trial court=s September 16, 2004 notice is that Sellers=s counsel did not receive the September 16, 2004 letter or any notice
of its contents.  Sellers=s counsel stated in her sworn petition that the letter was not in the
case file and that she was not aware the letter existed until after she
received notice of the dismissal and searched the trial court=s file.  It is unclear whether
Foster=s counsel=s statement
at the hearing that Awe received
the mail notice from the Court@ refers to the September 16, 2004 letter or to the October 28, 2004
notice that the case had been dismissed for want of prosecution.  Regardless, it is evidence only of what
Foster received.  Moreover, Foster
presented no evidence that the trial court=s notice had been mailedChe called no one from the trial court=s staff regarding procedures for mailing such notices; thus, no
presumption of receipt arose.  See
Greenwade, 159 S.W.2d at 857-58; Mayad, 554 S.W.2d at 837-38.  Additionally, the copy of the dismissal order
in the clerk=s record has
a handwritten notation at the bottom with the last names of both attorneys and A11/1/04@; the Notice
of Hearing for the December 10, 2004 reinstatement hearing has a handwritten
notation, Amailed to
[Sellers=s counsel] 11/30/04,A on the bottom; and the copy of the order denying Sellers=s motion to reinstate has the stamp and handwritten notation ACopy mailed to [Sellers=s counsel] . . . On 12-17-04.@  There is no such notation on
the trial court=s copy of
its September 16, 2004 letter.








Although Sellers=s counsel indicated at the reinstatement hearing that her legal
assistant had deleted items from her files and her computer, this does not show
that Sellers=s counsel
actually received the notice.  She
testified at the hearing that she found out about what her legal assistant had
done three days before she received Foster=s motion for dismissal and sanctions, which was filed on September 8,
2004.  Foster contends that Sellers=s counsel asserted only that the letter was not in her file or on her
mail log and that based on Sellers=s counsel=s argument
and testimony, the evidence shows that her legal assistant could have
taken the letter from the file.  But
Sellers=s counsel averred in the sworn petition for reinstatement that she had
no knowledge of the letter, that there was no copy in the case file, that it
had not been logged in on the mail log, and that the October 28 hearing date
was not on her calendar.  Additionally,
at the reinstatement hearing, she unequivocally stated that she had not
received the letter in her office. 
Moreover, by September 16, she had already discovered what her legal
assistant had done and was investigating the problem.  Furthermore, the mere presence of the letter
in the court=s file is no
evidence that it was mailed or received. 
Moore v. King, No. 01-95-00561-CV, 1996 WL 67951, at *3 (Tex.
App.CHouston [1st Dist.] Feb. 15, 1996, no pet.) (not designated for
publication).

We conclude that there is
legally insufficient evidence to support the trial court=s implied finding that Sellers or his counsel received the September
16, 2004 letter from the trial court notifying Sellers that his case would be
dismissed if he did not file a mediation or trial scheduling order or appear on
October 28.  Thus, the trial court=s dismissal and refusal to reinstate cannot be upheld based on that
implied finding.[7]








Foster argues that the lack
of notice was cured because Sellers received timely notice of the actual
dismissal order and a hearing on his reinstatement motion.  See, e.g., Franklin, 53 S.W.3d
at 402-03 (ACourts that
have addressed this issue have uniformly held that when the trial court holds a
hearing on a motion to reinstate while the court had full control of its
judgment, and the dismissed party thereby receives the same hearing with the
same burden of proof it would have had before the order of dismissal was
signed, no harmful error is shown.@).  Here, the trial court timely
held a hearing on Sellers=s
reinstatement motion; however, although Sellers did have the opportunity at the
hearing to explain why he did not do any of the items required in the trial
court=s letterChe did not
know he was supposed to do them because he never received the letterCthe trial court did not thereafter give Sellers an opportunity to do
any of things the letter said he could do to avoid dismissal.  Thus, Sellers did not receive Athe same hearing with the same burden of proof [he] would have had
before the order of dismissal was signed.@  Id.  Accordingly, we conclude that in this case,
notice of the dismissal and a subsequent hearing on the reinstatement motion
did not cure the lack of notice of the intent to dismiss.  See Keough, 2005 WL 3435305, at *3-4.








Whether
Meritorious Claim or Defense Required When No Notice

Although we
have concluded that the evidence is legally insufficient to support an implied
finding that Sellers received the trial court=s September 16, 2004 letter, it appears that the trial court may not
have based its ruling on an implied finding of notice.  Before denying Sellers=s motion to reinstate, the trial court stated on the record, AWell, obviously the legislature put this statute [4590i] in effect for
a reason, and that is to require these medical reports be [sic] filed when they
are due, so I=m going to
deny your motion to reinstate.@  Thus, although the trial court
did not file formal findings of fact and conclusions of law, its statement on
the record shows that it may have denied Sellers=s motion because it determined that he did not have a meritorious
claim.  Foster=s counsel repeatedly reminded the trial court that he was not proceeding
on the motion to dismiss based on failure to file the expert report, but rather
on the motion to reinstate, which he contended must be denied because Sellers
could not show that he had a meritorious claim.








But a party whose case has
been dismissed for failure to appear at a hearing due to a lack of notice of
that hearing need not show that he or she has a meritorious claim to be
entitled to reinstatement.[8]  See Thurahan, 2003 WL 1566386, at *3
n.2.[9]  As the Houston Court of Appeals explained in Jackson,

A meritorious defense is not a prerequisite to a
successful motion to reinstate.  The
parties=
confusion may stem from the Texas Supreme Court=s
recent comparison of the standard of review in a motion to reinstate setting to
that used in reviewing a motion to set aside a default judgment under Craddock
v. Sunshine Bus Lines.  In Smith
v. Babcock & Wilcox Const. Co., the Texas Supreme Court stated that the
operative standard in reviewing a motion to reinstate is Aessentially the
same as that for setting aside a default judgment@ as
set forth in Craddock.  However,
in Babcock & Wilcox Const. Co., the supreme court discussed only the
culpability prong of the Craddock test [whether an omission was due to
accident or mistake rather than intentional or the result of conscious
indifference] when analyzing Rule 165a. 
Rule 165a does not require that the party seeking to reinstate the case
establish a Ameritorious@
claim or defense, nor do we read Babcock & Wilcox Const. Co. as
requiring such.

 








Id. (citations
omitted).  Thus, if a party whose case
has been dismissed under rule 165a for failure to appear proves that he or she
did not appear due to a lack of notice, there is no need for the party to also
show that the claim is meritorious in order to be entitled to
reinstatement.  Accordingly, we conclude
that the trial court=s dismissal
and refusal to reinstate cannot be upheld based on Sellers=s failure to show that he has a meritorious claim.  

We note that Foster does not
argue on appeal that Sellers was required to prove that he had a meritorious
claim to be entitled to reinstatement. 
He instead contends that the evidence is sufficient to support the
implied finding that Sellers received the trial court=s September 16, 2004 letter but that if it is not sufficient, any
error by the trial court in denying the motion to reinstate is harmless because
a dismissal for failure to file an expert report would have been proper in
accordance with his motion to dismiss and for sanctions under article 4590i, section
13.01(d).  Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(d) (1995 version). 
Accordingly, we now turn to the harm analysis.

Whether Dismissal and Refusal
to Reinstate Harmless








Failure to provide adequate
notice of intent to dismiss usually requires reversal.  Villarreal, 994 S.W.2d at 630-31; Keough,
2005 WL 3435305, at *1.  Here, however,
the facts are unusual in that another motion to dismiss on separate grounds was
pending when the case was dismissed for want of prosecution and at the time of
the reinstatement hearing.  See supra
pages 3-4.  Foster contends that even if
the trial court abused its discretion by dismissing the case for want of
prosecution and failing to reinstate it, the error is harmless because
dismissal of Sellers=s case was
proper under article 4590i, section 13.01(d) and (e).  Tex.
Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(d), (e) (1995 version); see also Tex. R. App. P. 44.1(a). 
Thus, we will address whether dismissal of Sellers=s case would have been proper for Sellers=s failure to timely file an expert report.

Applicable
Law








The medical
liability act was enacted by the Texas Legislature to curtail frivolous claims
against physicians and related health care providers.  See Yaquinto v. Britt, No.
02-04-00283-CV, 2006 WL 563581, at *2 (Tex. App.CFort Worth Mar. 9, 2006, no pet. h.); Hart v. Wright, 16 S.W.3d
872, 876 (Tex. App._Fort Worth 2000, pet. denied); see also Am. Transitional Care Ctrs.
of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001).  Under the medical liability act, a plaintiff
must provide each defending physician or health care provider one or more
expert reports, along with a curriculum vitae, not later than the 180th day
after the date on which a health care liability action is filed or else
voluntarily nonsuit the action within the same 180-day time period.  See Tex.
Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(d) (1995 version); Yaquinto, 2006 WL 563581, at *2;
Martinez v. Lakshmikanth, 1 S.W.3d 144, 147 (Tex. App._Corpus
Christi 1999, pet. denied).  If a
plaintiff fails to comply with either of these provisions and the defendant
files a motion to dismiss with prejudice, a trial court has no discretion and
must enter an order dismissing the case with prejudice and awarding attorney=s fees as a sanction. Tex. Rev.
Civ. Stat. Ann. art. 4590i, ' 13.01(e) (1995 version); Yaquinto, 2006 WL 563581, at *2; Martinez,
1 S.W.3d at 148.

Here, it is undisputed that
Sellers did not timely file an expert report under the statute.  He filed his original petition on August 29,
2003; thus, the report was due February 25, 2004.  Sellers did not file an expert report until
November 24, 2004.  Thus, we must determine
whether he was entitled to an extension under his section 13.01(f) or (g)
motion for extension.[10]








Former section 13.01(f)
provided that A[t]he court
may, for good cause shown after motion and hearing, extend any time period
specified in Subsection (d) of this section for an additional 30 days.  Only one extension may be granted under this
subsection.@  Tex.
Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(f) (1995 version).  A
motion for an extension under section 13.01(f) filed more than 210 days after
the filing date of the claim is untimely. 
Sandles v. Howerton, 163 S.W.3d 829, 836 n.8 (Tex. App.CDallas 2005, no pet.); Estrello v. Elboar, 965 S.W.2d 754, 758
(Tex. App.CFort Worth
1998, no pet.).  Thus, although Sellers
requested a 13.01(f) extension in his reply to Foster=s response to Sellers=s reinstatement motion, the trial court could not have granted such an
extension because it was untimely.

Former section 13.01(g)
provided that

[n]otwithstanding any other
provision of this section, if a claimant has failed to comply with a deadline
established by Subsection (d) of this section and after hearing the court finds
that the failure of the claimant or the claimant's attorney was not intentional
or the result of conscious indifference but was the result of an accident or
mistake, the court shall grant a grace period of 30 days to permit the claimant
to comply with that subsection.  A motion
by a claimant for relief under this subsection shall be considered timely if it
is filed before any hearing on a motion by a defendant under Subsection (e) of
this section.

Tex. Rev. Civ. Stat.
Ann. art. 4590i, ' 13.01(g) (1995 version).








Section 13.01(g) contains no
requirement that the extension be sought before the expiration of 180
days.  Yaquinto, 2006 WL 563581,
at *5; Walker v. Thornton, 67 S.W.3d 475, 479 (Tex. App.CTexarkana 2002, no pet.).  It
requires only that the request for an extension be made Abefore any hearing@ on a motion to dismiss under section 13.01(e).  Yaquinto, 2006 WL 563581, at *5; Walker,
67 S.W.3d at 479.  A grant of a
thirty-day grace period under section 13.01(g) may occur at any time after the
deadline for filing the expert report has passed and before trial so long as it
is requested before a hearing on a defendant=s section 13.01(e) motion to dismiss. 
Yaquinto, 2006 WL 563581, at *5; Thomas v. Healthmark
Partners, L.L.C., 93 S.W.3d 465, 467 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).  Because Sellers moved for a section 13.01(g)
grace period extension before the hearing on Foster=s motion to dismiss, the trial court had discretion to consider
it.  See Yaquinto, 2006 WL 563581,
at *5; Walker, 67 S.W.3d at 479.

Once a trial court determines
that a motion for a grace period extension under section 13.01(g) is timely, it
must decide whether the claimant=s failure to meet the deadline for filing an expert report is excused
by accident or mistake and was not intentional or the result of conscious
indifference.  Yaquinto, 2006 WL
563581, at *5; Pfeiffer v. Jacobs, 29 S.W.3d 193, 198 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).  The statute does not define what constitutes
an intentional failure or conscious indifference; however, as with cases
involving the dismissal for failure to appear under rule 165a, we use the same
standard articulated in Craddock.[11]
See Walker v. Gutierrez, 111 S.W.3d 56, 63 (Tex. 2003); Davis v.
Spring Branch Med. Ctr., Inc., 171 S.W.3d 400, 410 (Tex. App._Houston
[14th Dist.]. 2005, no pet.); Finley v. Steenkamp, 19 S.W.3d 533, 538-39
(Tex. App._Fort Worth 2000, no pet.).








In determining whether the
failure to file adequate reports was an accident or mistake or whether it was
due to intentional disregard or conscious indifference, we must look first to
the knowledge and acts of the claimant.  Gutierrez,
111 S.W.3d at 64; Yaquinto, 2006 WL 563581, at *5-6.  If the factual assertions in the claimant=s testimony are not controverted by the opposing party, the claimant
satisfies his or her burden if the testimony sets forth facts that, if true,
negate intentional or consciously indifferent conduct by the claimant.  Gutierrez, 111 S.W.3d at 64; Yaquinto,
2006 WL 563581, at *6.  Thus, a trial
court must grant a section 13.01(g) extension if the motion and affidavits
filed by the claimant set forth facts which, if true, would negate intentional
or consciously indifferent conduct.  Yaquinto,
2006 WL 563581, at *6; Finley, 19 S.W.3d at 539.  Proof of accident or mistake negates intent
or conscious indifference.  Walker,
67 S.W.3d at 479.  In determining if the
claimant=s factual assertions are controverted, we look to all the evidence in
the record.  Gutierrez, 111 S.W.3d
at 64.








Some excuse, but not
necessarily a good excuse, is enough to warrant an extension of time to file
the expert report, so long as the act or omission causing the failure to file
the report was, in fact, accidental.  Yaquinto,
2006 WL 563581, at *6; Walker, 67 S.W.3d at 479.  For example, courts have found that
calendering errors are sufficient to establish Amistake or accident@ under Craddock.  Yaquinto,
2006 WL 563581, at *6; Moore v. Sutherland, 107 S.W.3d 786, 793 (Tex.
App.CTexarkana 2003, pet. denied). 
Conscious indifference, on the other hand, means failing to take
some action that would seem to be indicated to a person of reasonable sensibilities
under similar circumstances.  Yaquinto,
2006 WL 563581, at *6; Sandles, 163 S.W.3d at 837.  Conscious indifference requires more than
negligence.  Walker, 67 S.W.3d at
479.

We review the grant or denial
of a section 13.01(g) grace period for an abuse of discretion.  Gutierrez, 111 S.W.3d at 62; Yaquinto,
2006 WL 563581, at *4.

Applicable Facts

In her reply to Foster=s response to the motion to reinstate, Sellers=s counsel averred as follows:

(2)    On or about December 10, 2004, [Sellers=s]
attorney received some of [Sellers=s] medical records from Dr.
Crates=
office.  Subsequently, [Sellers=s]
attorney contacted Dr. Crates= office and received
additional records concerning [Sellers] on or about January 8, 2004.  [Sellers=s] attorney believed that
such records contained a medical report; however, ensuing circumstances
intervened.








(3)    [Sellers=s]
attorney . . . had employed a legal assistant, who assisted her in the
gathering [of] documents, deadlines and file monitoring.  Commencing in February 2004, without [Sellers=s]
attorney=s
knowledge, the legal assistant began fraudulently embezzling funds and
otherwise altering computer files, while removing client files from the file
cabinet.  Although the legal assistant
was subsequently terminated from [Sellers=s] attorney=s
employment, [Sellers=s]
file was affected by the legal assistant=s actions.

(4)    Without [Sellers=s] attorney=s
knowledge, [Sellers=s]
legal assistant removed several files from the regular file cabinet, and
removed the information concerning those files from the computer.  During this same period of time, [Sellers]
was hospitalized and underwent surgery for an unrelated ailment.

(5)    In late March 2004, [Sellers=s] attorney received
interrogatories from [Foster] concerning Cassandra Walker.  Upon inquiry, [Sellers=s]
legal assistant advised that everything was in order in the file and that
[Foster] would be amending the interrogatories. 
[Sellers=s]
attorney was engaged in a protracted jury trial at this time.

(6)    Subsequently, in May, 2004, [Sellers=s]
attorney received the amended discovery, and inquired about the file.  The file was not on the computer, and was not
in the file cabinet.  However, [Sellers=s]
attorney had copies of portions of the file in her Awork
in progress folder@ and
after assurances that the legal assistant knew where the file was, [Sellers=s]
attorney met with [Sellers] and prepared responses to the discovery.

. . .
.

(8)    The policy in [Sellers=s] attorney=s
office is to review all files on the 4th Friday of each month.  Because [Sellers=s]
case was removed from the computer list, [Sellers=s]
attorney was not aware that the file was pending.  More important the legal assistant continued
to take telephone calls from various clients, including [Sellers] and omitted
the calls from the call list.

(9)    Ultimately, [Sellers=s] attorney learned of the
embezzlement and that files were being altered and removed from the
computer.  [Sellers=s]
attorney immediately sought computer assistance to research the computer for
deleted information.

(10)  The first [Sellers=s attorney] knew that matters
in [Sellers=s]
case were delinquent was October 31, 2004, when [Sellers] reviewed [Foster=s]
Motion to Dismiss.  [Sellers] immediately
again contacted Dr. Crates, and obtained an expert report.

 








Although the December 10
hearing consisted mostly of argument from the attorneys, Sellers=s counsel did briefly testify. 
Pertinent parts of her testimony follow:

The day opposing counsel filed their motion I
immediately called them, and three days later my mother was diagnosed with a
terminal illness. . . . But it did not stop me from immediately going to the .
. . doctor=s
office that day and doing everything I could to obtain all of the medical
information and records to [the] opposing party.  Then in the middle of all that, I got the
order of dismissal.  And at first when I
read it, I thought that the Court had granted a dismissal without a hearing on
their motion to dismiss. . . .  We had
just gotten the file back about nine days before that, the whole file from our
- - from the closed files. . . . I don=t know anything else I could
have done except maybe, in hindsight, not allowed anyone else to open the mail
in my office and log it in, and I don=t do that anymore.

. . . .

. . . At this time I had about 175 [files pending].
. . . There were several things that came up, but the bottom line is that this
case was taken out of my computer and out of my file cabinet and off of my
listing, and simultaneously with Mr. Sellers being hospitalized, and there was
no negligence on our part.  We had been
very diligently working on this file.  We
received all the medical from Dr. Crates, done everything until it was suddenly
moved.  And as is set out in my
affidavit, when we received discovery from opposing counsel, I immediately looked
in the - - what we call is our follow up list, and on the follow up list of Mr.
Sellers the next thing to do was to . . . file discovery, and then immediately
after that is when everything disappeared.

. . . We had a file that was missing.  I asked the legal assistant, have we done
this, have we done that, what=s going on with this.  Yes, ma=am, this is all taken care
of, this is, that is.  And I said let me
get a copy of that report, and the next thing I know I=ve
got a legal assistant who has taken a bunch of money, taken out the files and
put me in an unfortunate position.








. . . . 
This was my responsibility.  I
should have had a system that nobody could eliminate anything from a folder,
and I didn=t.  And I=ve done everything I can do
to rectify it.

 

Analysis

Sellers=s counsel was responsible for supervising her legal assistant.  See Tex.
Disciplinary R. Prof=l Conduct 5.03, reprinted
in Tex. Gov=t Code Ann., tit. 2, subtit. G app. A,
art. 10, ' 9 (Vernon
2005); Cunningham v. Columbia/St. David=s Healthcare Sys., L.P., 185 S.W.3d
7, 13 (Tex. App.CAustin 2005,
no pet.) (ABecause
lawyers are responsible for the actions of the legal assistants that they
supervise, the procedural mistakes made by a legal assistant are imputed to the
supervising attorney.@).  She admitted at the reinstatement hearing
that she was familiar with the requirements of the statute[12]
and that she believed that as of January 8, 2004, about a month and a half
before the expert report was due, she had given instructions for a medical
report to be sent out.  Sellers=s counsel further admitted that she was responsible and that she
should have had a system under which no one could eliminate documents from the
file. 













In Copeland v. Ayers,
the appellate court declined to hold that a trial court abused its discretion
in refusing to grant a 13.01(g) extension when the plaintiff=s attorney had delegated responsibility of the case and there was no
evidence as to why the attorney to whom the responsibility had been delegated
failed to timely file an expert report. 
138 S.W.3d 652, 653 (Tex. App.CDallas 2004, pet. denied).  But
cf. Roberts v. Med. City Dallas Hosp., Inc., 988 S.W.2d 398, 403-04 (Tex.
App.CTexarkana 1999, pet. denied) (holding that trial court abused its
discretion in denying a 13.01(g) extension when attorney originally handling
file had told his secretary to file expert report, then delegated case to
junior attorney, and junior attorney, after being told by opposing counsel that
report had not been filed, attempted to file affidavit that did not meet
statutory requirements), disapproved of by Gutierrez, 111 S.W.3d at 63; McClure
v. Landis, 959 S.W.2d 679, 680-82 (Tex. App.CAustin 1997, pet. denied) (holding that trial court abused its
discretion in denying motion for new trial because evidence that attorney
instructed his legal assistant to mail expert report, but she mistakenly mailed
only doctor=s cover
letter to attorney, entitled plaintiff to section 13.01(g) extension).  Sellers=s counsel was aware in January that the expert report deadline was
approaching, and she participated in discovery in March and May of 2004, yet
she failed to confirm whether her legal assistant had ever sent the
report.  Under these circumstances, we
cannot conclude that the trial court abused its discretion in implicitly
determining that Sellers=s failure to
timely file the report was the result of conscious indifference rather than
accident or mistake.  Cf. Shook v.
Gilmore & Tatge Mfg. Co., 951 S.W.2d 294, 298 (Tex. App.CWaco 1997, pet. denied) (affirming trial court=s dismissal for want of prosecution for failure to appear and refusal
to reinstate when trial setting was on calendar of two attorneys in law firm
but was not placed on calendar of attorney to whom trial was transferred and
that attorney was told by legal assistant that no upcoming hearings had been
set).

Because we have held that the
trial court did not abuse its discretion in determiningCalbeit in the context of whether Sellers had a meritorious claim
rather than in the context of directly addressing Foster=s motion to dismissCthat Sellers was not entitled to a 13.01(g) grace period extension, we
conclude and hold that the trial court=s abuse of discretion in dismissing the case for want of prosecution
and failing to reinstate it is harmless.[13]  We overrule Sellers=s first through fourth issues.

 








 

Conclusion

Having overruled Sellers=s dispositive issues, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

 

DELIVERED:
May 11, 2006











[1]See Act
of May 5, 1995, 74th Leg., R.S., ch. 140, ' 1, secs. 13.01(d), (e), 1995
Tex. Gen. Laws 985, 986, repealed by Act of June 2, 2003, 78th Leg.,
R.S., ch. 204, '
10.09, 2003 Tex. Gen. Laws 847, 884 (current version at Tex. Civ. Prac. & Rem. Code Ann. '
74.351 (Vernon Supp. 2005)).  All section
references in this opinion are to the 1995 version of Texas Revised Civil
Statutes article 4590i, the medical liability act, which was in effect at the
time this suit was filed and will be referred to as the A1995
version@ or Aformer
version.@





[2]A
docket sheet entry shows in part ADocket DWP@ for
October 28 but does not indicate whether the trial court held a hearing on that
day. 





[3]Although
there is no document in the record in which Foster specifically revokes the
withdrawal of the motion to dismiss and for sanctions, or in which he expressly
reurges its submission, it is apparent that the parties and trial court understood
that both the motion to reinstate and the motion to dismiss and for sanctions
would be argued at the December 10 hearing. 





[4]The
order does not address the motion to dismiss and for sanctions; specifically,
it does not rule on Sellers=s request to extend the
deadline for filing an expert report under section 13.01(f) and (g).





[5]A
plain reading of the trial court=s September 16 letter shows
that Sellers could have avoided dismissal by filing a mediation scheduling
order or trial scheduling order before October 28, 2004, or by appearing before
the trial court on October 28 so that the trial court could assist Sellers in
working out a mediation or trial scheduling order.  See Villarreal, 994 S.W.2d at
632.  The notice does not require Sellers
to show good cause for maintaining the case on the docket.  Further, although the clerk=s
record contains a fiat showing that a hearing on the motion to dismiss and for
sanctions was set for October 22, 2004, there is no indication that such a
hearing was ever held.  Thus, the trial
court could not have dismissed for failure to appear at a hearing on the motion
to dismiss and for sanctions.





[6]It is
unclear whether this statement refers to the trial court=s
September 16, 2004 letter or the notice that the case had been dismissed for
want of prosecution, which also must be mailed to the parties.  See Tex.
R. Civ. P. 306a.





[7]Even
if the evidence supports an inference that the letter was received in Sellers=s
counsel=s
office but intercepted and removed or deleted by the legal assistant, we do not
believe that such an inference would support an implied finding that Sellers=s
counsel=s
failure to appear at the hearing was intentional or the result of conscious
indifference due to a lack of supervision of the legal assistant.  See Jackson v. Thurahan, Inc.,
No. 14-02-00308-CV, 2003 WL 1566386, at *1-3 (Tex. App.CHouston
[14th Dist.] Mar. 27, 2003, no pet.) (mem. op.) (holding that attorney
reasonably explained that failure to appear at hearing was an accident or
mistakeCeven
though he had notice of the hearingCwhen attorney failed to
calendar hearing on his trial docket). 
Although she should have been aware that the trial court could dismiss
the case for failure to appear at any time, see Tex. R. Civ. P. 165a, the case was not in violation of the
supreme court or any local rule deadlines for disposition of cases, and she had
no way of anticipating that the trial court would place the case on the
dismissal docket on any particular date, inasmuch as the Tarrant County local
rules provide that A[t]he
courts will periodically give notice of their intention to dismiss for
want of prosecution,@  Tarrant
(Tex.) Civ. Ct. Loc. R. 3.90(a) (emphasis added).  Mere negligence does not amount to conscious
indifference.  Smith v. Babcock &
Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex. 1995).





[8]The
trial court=s
September 16, 2004 letter did not require Sellers to show good cause to retain
the case on the docket.  





[9]See
Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988) (holding that
party who did not receive notice of trial setting and therefore failed to
appear need not prove a meritorious defense to obtain new trial); Rabie v.
Sonitrol of Houston, 982 S.W.2d 194, 197-98 (Tex. App.CHouston
[1st Dist.] 1998, no pet.) (holding that once party establishes lack of notice,
it has no further responsibility to comply with Craddock requirements to
receive new trial).





[10]This
motion was contained in Sellers=s reply to Foster=s
response to the reinstatement motion.





[11]Craddock
v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. 1939).





[12]A
party who files suit under article 4590i is charged with knowledge of the
statute and its requirements.  Gutierrez,
111 S.W.3d at 64.





[13]The
proper disposition upon a dismissal under section 13.01(e) is a dismissal with
prejudice.  Tex. Rev. Civ. Stat. Ann. art. 4590i, '
13.01(e) (1995 version); Moseley v. Behringer, 184 S.W.3d 829, 833 (Tex.
App.CFort
Worth 2006, no pet.).  But Foster has not
filed a separate notice of appeal, nor has he requested that we render a
different judgment.  See Tex. R. App. P. 25.1(c).  Because he has not done so, and a dismissal
with prejudice would grant him more relief than what the trial court granted,
we need only affirm the trial court=s judgment.  See Quimby v. Tex. Dep't of Transp.,
10 S.W.3d 778, 781 (Tex. App.CAustin 2000, pet. denied).