James J. YAQUINTO, M.D., Appellant,

v.

Van Roger BRITT, Individually and on Behalf of the Estate of Kathryn Ann Britt, Deceased, and as Next Friend of Amy Britt, a Minor, and Jonathan Britt, Appellees.

No. 2–04–283–CV.

Court of Appeals of Texas, Fort Worth.

March 9, 2006.

See also 148 S.W.3d 109.

820

Wallach, Andrews & Stouffer, P.C., J. Wade Birdwell, D. Michael Wallach, Cynthia Kent Maragoudakis, Fort Worth, for Appellant.

Charles M. Noteboom and Anna M. Zimmerman, Hurst, for appellees.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### I. Introduction

Appellant James J. Yaquinto, M.D. appeals from the trial court's dismissal with-

out prejudice of health care liability claims brought against him by appellees Van Roger Britt, individually and on behalf of the estate of Kathryn Ann Britt, and as next friend of Amy Britt, a minor, and Jonathan Britt (the Britts). In four issues,[1] Yaquinto generally complains that the trial court abused its discretion by granting the Britts an extension of time to file their expert report under former section 13.01(f) of the Medical Liability and Insurance Improvement Act[2] (the medical liability act) because the Britts did not prove good cause, request a hearing, or give notice. Yaquinto also contends that the trial court's later attempt to grant the Britts an extension under former section 13.01(g) was improper. We affirm.

## II. Background Facts

On August 29, 2003, the Britts filed their original petition naming Yaquinto as one of several defendants in the wrongful death of Kathryn Ann Britt.[3] The Britts alleged that Yaquinto (1) "[f]ailed to provide appropriate radiological interpretation," (2) "[f]ailed to provide appropriate recommendations for clinical correlation," and (3) "[f]ailed to radiologically assess, diagnose[,] and interpret an acute intra-abdominal process and an acute pulmonary process." They contend that these failures resulted in Kathryn's death.

On February 23, 2004, 178 days after the Britts filed suit, they filed a motion to extend time to furnish expert reports and curriculum vitae as required by section 13.01(d) of the medical liability act. In their motion, the Britts argued that under section 13.01(f) the trial court may extend the time period for thirty days with good cause and that good cause existed because none of the defendants had answered and because the Britts' expert needed to review the defendants' medical records and files before he could prepare his expert report. The Britts did not notify Yaquinto of the motion or request a hearing on it.[4] The trial court nevertheless granted the extension on February 24, 2004, as to Yaquinto, Sloane, Diffley, and Radiology Associates, extending the deadline to file the expert reports and curriculum vitaes until March 26, 2004.

On March 1, 2004, Yaquinto filed a section 13.01(d) motion to dismiss with prejudice, claiming that the Britts failed to meet the 180–day deadline for furnishing an expert report and curriculum vitae. He also filed his original answer on March 1, 2004, the last day that he could timely do so. On March 26, 2004, the Britts filed a motion to nonsuit Yaquinto, and the trial court granted the order on March 31, 2004. On April 15, 2004, the Britts filed another motion for additional time, this time under section 13.01(g), seeking a "grace period

---

1. In appellant's brief, he lists six issues; however, he only substantively addresses four issues. Therefore, we will address appellant's four substantive issues. *See* TEX.R.APP. P. 47.1.

2. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01, 1995 Tex. Gen. Laws 985, 985–87, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon Supp.2005)). All section references in this opinion are to the 1995 version of Texas Revised Civil Statutes article 4590i, the medical

liability act, which was in effect at the time this suit was filed and will be referred to as the "1995 version" or "former version."

3. The Britts also named Robert W. Sloane, Jr., M.D. (Sloane), David M. Diffley, M.D. (Diffley), Harris Methodist Fort Worth, and Radiology Associates of Tarrant County, P.A. (Radiology Associates) as defendants.

4. Yaquinto had been served on February 5, 2004, but he had not answered as of the time the Britts had to request their extension.

extension," as to Diffley and Radiology Associates, asserting that any error in not filing the expert reports was due to accident or mistake.

On April 22, 2004 Yaquinto filed his reply to the Britts' response to his motion for rehearing and the trial court conducted a hearing on Yaquinto's motion to dismiss with prejudice and the Britts' motion for a section 13.01(g) grace period extension. In its order, the trial court denied Yaquinto's motion to dismiss and granted the Britts' motion for a grace period extension under former section 13.01(g). The trial court also found that it did not have authority to grant its prior section 13.01(f) extension and reversed its prior order granting it.[5]

## III. Issues Presented

■ In his first issue, Yaquinto contends that the trial court abused its discretion when it failed to enter a judgment of dismissal with prejudice and award Yaquinto court costs and reasonable attorney's fees.[6] In his second issue, he argues that the trial court was without authority to grant a nonsuit or a voluntary dismissal without prejudice while the motion to dismiss with prejudice was pending. In his third and fourth issues, he contends that the trial court abused its discretion by (a) granting the Britts a thirty-day extension of the statutory deadline for good cause without notice, a hearing, or the submission of evidence, and without personal jurisdiction over Yaquinto before he an-

swered and (b) subsequently granting the section 13.01(g) grace period extension because the Britts invited the error by first asking the trial court to grant the extension under section 13.01(f).

## IV. General Discussion

■ The medical liability act was enacted by the Texas Legislature to curtail frivolous claims against physicians and related health care providers. *See Hart v. Wright,* 16 S.W.3d 872, 876 (Tex.App.-Fort Worth 2000, pet. denied); *Horsley–Layman v. Angeles,* 968 S.W.2d 533, 537 (Tex. App.-Texarkana 1998, no pet.); *see also Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 878 (Tex.2001). Under the medical liability act, a plaintiff must provide each defending physician or health care provider one or more expert reports, along with a curriculum vitae, not later than the 180th day after the date on which a health care liability action is filed or else voluntarily nonsuit the action within the same 180–day time period. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(d) (1995 version); *Martinez v. Lakshmikanth,* 1 S.W.3d 144, 147 (Tex. App.-Corpus Christi 1999, pet. denied). If a plaintiff fails to comply with either of these provisions and the defendant files a motion to dismiss with prejudice, a trial court has no discretion and must enter an order dismissing the case with prejudice and awarding attorney's fees as a sanction. Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(e) (1995 version); *Moseley v. Behringer,* 184 S.W.3d 829, 832 (Tex.App.-Fort

---

5. We have attached a time line of events as Appendix I.

6. The Britts argue that the law of the case doctrine moots Yaquinto's appeal in which he complains of the same orders that defendant Diffley's prior petition for writ of mandamus addressed. This court denied Diffley's petition for mandamus in a separate mandamus proceeding. In *In re AIU Insurance Compa-*

*ny,* the Texas Supreme Court held, "this Court's failure to grant a petition for writ of mandamus is not an adjudication of, nor even a comment on, the merits of a case in any respect, including whether mandamus relief was available." 148 S.W.3d 109, 119 (Tex. 2004) (orig.proceeding). Therefore, we determine that the law of the case doctrine does not apply in this case.

Worth 2006, no pet.); *Martinez,* 1 S.W.3d at 148.

## V.   Nonsuit

We will address Yaquinto's second issue first.   In his second issue, Yaquinto contends that the trial court did not have authority to grant a nonsuit while his motion to dismiss with prejudice was pending.

### A.   Applicable Law

Former section 13.01(d) of the medical liability act stated,

Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report;  or

(2) voluntarily nonsuit the action against the physician or health care provider.

Tex.Rev.Civ.  Stat.  Ann.  art.  4590i, § 13.01(d) (1995 version).

Rule 162   of the rules of civil procedure provides,

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes.  Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

Any dismissal pursuant to this rule *shall not prejudice* the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule *shall have no effect on any motion for sanctions, attorney's fees or other costs,* pending at the time of dismissal, as determined by the court.

Tex.R. Civ. P. 162 (emphasis added).

### B.   Analysis

The granting of a nonsuit is a ministerial act.  *Greenberg v. Brookshire,* 640 S.W.2d 870, 871 (Tex.1982).   A trial court generally has no discretion to refuse to sign an order of dismissal once notice of nonsuit has been filed.   *In re Bennett,* 960 S.W.2d 35, 38 (Tex.1997) (orig.proceeding); *In re Bridges,* 28 S.W.3d 191, 195 (Tex. App.-Fort Worth 2000, orig. proceeding). However, rule 162 expressly limits the right to nonsuit an entire cause when the defendant has a claim for affirmative relief or sanctions pending.  *Bennett,* 960 S.W.2d at 38;  *see also* Tex.R. Evid. 162.   Any pending motions for sanctions or attorney's fees filed prior to the motion for nonsuit or dismissal are not to be disturbed.  *Hagedorn v. Tisdale,* 73 S.W.3d 341, 345 (Tex.App.-Amarillo 2002, no pet.).

In *Moseley v. Behringer,* we recently held that

former section 13.01(e) requires a trial court to dismiss a medical liability claim *with prejudice* if the claimant has failed to file an expert report or voluntarily nonsuit its claims within 180 days when the health care provider has filed a motion to dismiss that is countered by a claimant's subsequent rule 162 motion for nonsuit.

*Moseley,* 184 S.W.3d at 833. In *Moseley,* Randy, Stephanie, and Macie Behringer filed medical liability claims against Karan Ruth Moseley, M.D. and Arlington Memorial Hospital Alliance, Inc. d/b/a Arlington Memorial Hospital, alleging that Moseley

failed to timely diagnose and treat Stephanie for a prenatal infection that resulted in Macie's premature birth and injuries. *Id.* at 830. Moseley and Arlington Memorial Hospital filed motions to dismiss with prejudice under section 13.01(e) after the Behringers failed to timely file their expert reports or voluntarily nonsuit as required by section 13.01(d). *Id.* The Behringers did not file a response to the motions until the day of the 13.01(e) hearing. *Id.* In their response, the Behringers asked the trial court to grant them a section 13.01(f) extension. *Id.*

During the 13.01(e) hearing, the Behringers orally moved to nonsuit their claims against Moseley and Arlington Memorial Hospital under rule 162. *Id.; see* Tex.R. Evid. 162. After hearing evidence from both sides, the trial court granted the Behringers' nonsuit, denied the Behringers' 13.01(f) motion for extension of time, and granted Moseley and Arlington Memorial Hospital's motion to dismiss "in part—without prejudice—but with the other sanctions [they] requested." *Moseley,* at 831. In that case, we held that the medical liability act trumps the absolute right to nonsuit under rule 162 and that a claimant could not voluntarily nonsuit its claim while a provider's previously filed section 13.01(e) motion to dismiss with prejudice was pending. *Id.* at 834.

■ We hold that *Moseley* is factually distinguishable from this case. Here, because the motion to nonsuit was filed after the motion to dismiss with prejudice, the trial court could not have granted the nonsuit at the time it did because Yaquinto's motion for dismissal with prejudice and attorney's fees was pending. *See Hagedorn,* 73 S.W.3d at 345. However, after the trial court held a hearing and denied Yaquinto's section 13.01(e) motion, it *granted* the Britts section 13.01(g) grace period extension. Thus, the Britts, unlike

the Behringers in the *Moseley* case, had an additional thirty days to comply with the requirement of furnishing expert reports and curriculum vitae or nonsuiting Diffley, Yaquinto, and Radiology Associates. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(g) (1995 version). Additionally, both the Britts and Yaquinto have treated the nonsuit as being effective. Because the trial court properly held a hearing and granted the Britts' section 13.01(g) extension, we hold that the trial court's granting of the nonsuit was effective, albeit premature because the Britts would have had an opportunity to nonsuit Yaquinto after the section 13.01(g) extension had been granted. We overrule Yaquinto's second issue.

## VI. Propriety of Section 13.01(g) Extension

In his third issue, Yaquinto contends that the trial court abused its discretion by granting the Britts their original thirty-day extension under section 13.01(f) without notice, a hearing, or the submission of evidence, and without personal jurisdiction over Yaquinto. In his fourth issue, Yaquinto argues that the trial court erred by later granting the section 13.01(g) grace period extension because the Britts invited the error by requesting an extension under section 13.01(f).

### A. Standard of Review

■ The grant or denial of a section 13.01(g) grace period determination is reviewed under an abuse of discretion standard. *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex.2003); *Davis v. Spring Branch Med. Ctr., Inc.,* 171 S.W.3d 400, 410 (Tex. App.-Houston [14th Dist.] 2005, no pet.). To determine whether a trial court abused its discretion, we must decide "whether the [trial] court acted without reference to any guiding rules [or] principles"; in other

words, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Estrello v. Elboar,* 965 S.W.2d 754, 758 (Tex.App.-Fort Worth 1998, no pet.). A trial court abuses its discretion if it exercises a "vested power in a manner that is contrary to law or reason." *Pfeiffer v. Jacobs,* 29 S.W.3d 193, 196 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

## B. Applicable Law

Former section 13.01(g) provided that [n]otwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is *filed before any hearing* on a motion by a defendant under Subsection (e) of this section.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g) (1995 version) (emphasis added).

■ Section 13.01(g) contains no requirement that the extension be sought before the expiration of 180 days. *Walker v. Thornton,* 67 S.W.3d 475, 479 (Tex.App.-Texarkana 2002, no pet.). It requires only that the request for an extension be made "before any hearing" on a motion to dismiss under section 13.01(e). *Id.; Pfeiffer,* 29 S.W.3d at 197. A grant of a thirty-day grace period under section 13.01(g) may occur at any time after the deadline for filing the expert report has passed and

before trial so long as it is requested before a hearing on a defendant's section 13.01(e) motion to dismiss. *Thomas v. Healthmark Partners, L.L.C.,* 93 S.W.3d 465, 467 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *McClure v. Landis,* 959 S.W.2d 679, 681 (Tex.App.-Austin 1997, pet. denied). Because the Britts moved for a section 13.01(g) grace period extension *before* the hearing on Yaquinto's motion to dismiss, the trial court had discretion to consider it. *See Walker,* 67 S.W.3d at 479.

■ Once a trial court determines that a motion for an extension under section 13.01(g) is timely, it must decide whether the claimant's failure to meet the deadline for filing an expert report is excused by accident or mistake and was not intentional or the result of conscious indifference. *Pfeiffer,* 29 S.W.3d at 198; *see also Davis,* 171 S.W.3d at 410 (discussing the standard for granting a section 13.01(g) extension in which the failure to file was the result of accident or mistake). The statute does not define what constitutes an intentional failure or conscious indifference; however, courts have applied these terms in a manner similar to their application in the default judgment context under *Craddock v. Sunshine Bus Lines, Inc.* 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *see Finley v. Steenkamp,* 19 S.W.3d 533, 538–39 (Tex.App.-Fort Worth 2000, no pet.); *see also Walker,* 67 S.W.3d at 479. Although, we realize that *Craddock* is not dispositive because this is not a default judgment case, it is nevertheless appropriate for us to review decisions discussing the *Craddock* standard for guidance. *See Walker,* 111 S.W.3d at 63. In *Bank One, Texas v. Moody,* the supreme court held that a mistake of law is one of the excuses sufficient to meet the requirements of *Craddock.* 830 S.W.2d 81, 84 (Tex.1992). However, not every act of a

defendant that could be characterized as a mistake of law is a sufficient excuse. *Walker*, 111 S.W.3d at 64; *Davis*, 171 S.W.3d at 410. For example, it is not an accident or mistake when a trial court finds that a party intentionally failed to file an expert report because a physician required a further examination. *Walker*, 67 S.W.3d at 481.

■ The burden is on the party seeking relief to show some evidence of accident or mistake to demonstrate that he did not act intentionally or with conscious indifference. *Finley*, 19 S.W.3d at 539; *see also Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 732 (Tex.App.-San Antonio 1999, no pet.). It is then the defendant's burden to controvert the plaintiff's evidence of mistake, or else an issue of mistake exists and an extension of time must be granted. *Finley*, 19 S.W.3d at 539.

■ A section 13.01(g) extension must be granted if the motion and affidavits filed by the movant set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Id.* Some excuse, but not necessarily a good excuse, is enough to warrant an extension of time to file the expert report, so long as the act or omission causing the failure to file the report was, in fact, accidental. *Horsley–Layman*, 968 S.W.2d at 536; *see also Jackson v. Mares*, 802 S.W.2d 48, 50 (Tex. App.-Corpus Christi 1990, writ denied). An accident or mistake in this context could be characterized by inadequate knowledge of the facts or an unexpected happening that precludes compliance; however, not every act of a defendant that could be characterized as a mistake of law is a sufficient excuse. See *Walker*, 111

S.W.3d at 63; *Nguyen v. Kim*, 3 S.W.3d 146, 152 (Tex.App.-Houston [14th Dist.] 1999, no pet.). For example, courts have found that calendering errors are sufficient to establish "mistake or accident" under Craddock. *Nguyen*, 3 S.W.3d at 152.

■ Conscious indifference, on the other hand, means failing to take some action that would seem to be indicated to a person of reasonable sensibilities under similar circumstances. *Id.; see also Pfeiffer*, 29 S.W.3d at 198. In determining whether a claimant acted intentionally or with conscious indifference, we look to the claimant's knowledge and acts. *Sandles v. Howerton*, 163 S.W.3d 829, 837 (Tex.App.-Dallas 2005, no pet.); *see also Horsley–Layman*, 968 S.W.2d at 536. Proof of accident or mistake negates intent or conscious indifference. *Nguyen*, 3 S.W.3d at 152.

### C. Analysis

■ The Britts argue that they relied on the trial court's February 24 13.01(f) extension order that extended the expert report deadline to March 26, 2004. They contend that if their reliance was not proper, then it was due to accident or mistake. The Britts further argue that if the trial court had denied their 13.01(f) extension motion, they would still have had time to nonsuit Yaquinto before the expiration of the statutory deadline.

Yaquinto argues that because the trial court did not have personal jurisdiction over him when it entered the order extending the deadline under section 13.01(f), that the order is "void, voidable, or otherwise subject to vacation."[7]

---

7. Interestingly, the Britts waited until two days before the expiration of the 180–day deadline to get their extension under 13.01(f). Similarly, Yaquinto waited until the last day that he could—March 1—to answer and file

his motion to dismiss with prejudice. March 1 was *past* the Britts' 180–day deadline of February 25, 2004. Thus, the Britts could not have given notice to Yaquinto and held a hearing before the 180 days had passed.

In their April 15 section 13.01(g) motion for grace period extension, the Britts argued that their reliance on the trial court's section 13.01(f) extension order constituted an accident or mistake. They contend that they relied on the trial court's extension and provided the expert reports to Yaquinto in the time authorized by the trial court's extension.

During the April 22 hearing, the Britts argued that they relied on and complied with the trial court's February 24 13.01(f) extension order. They contend that if the trial court was to grant Yaquinto's motion to dismiss with prejudice because the February 24 13.01(f) extension order was not proper, then they would have no remedy to bring him back into the lawsuit. The trial court stated that the issue before it at the hearing was whether or not a party's reliance on a voidable order can constitute a mistake or whether the party's reliance on such an order constitutes an intentional act or conscious indifference.

Yaquinto argued that in *Walker v. Gutierrez,* the supreme court made it clear that lawyers and litigants are charged with knowing the requirements of section 13.01. 111 S.W.3d at 64. He further argued that the Britts' reliance on the order was not an accident or mistake but was a conscious decision by the Britts to rely on an order that on its face violates the statute. However, it is clear that the trial court disagreed. At the hearing the trial court stated,

> [I]t is a very close call with respect to the 13.01(f) motion. I think the entirety of the evidence suggests that it should be granted.
>
> I do not think that the 13.01(g) is a close call, in my opinion. I believe that it is clear that [the] request for extension under 13.01(g) should be granted.

In its May 12 order, the trial court found that it had no authority to grant the previous section 13.01(f) extension, set aside its section 13.01(f) extension order, and granted the Britts' section 13.01(g) grace period extension.

Thus, we must first determine whether the February 24, 2004 13.01(f) extension order entered by the trial court was void or voidable because Yaquinto had not yet filed his answer by the time the trial court granted the Britts' section 13.01(f) extension. Because Yaquinto concedes that the section 13.01(f) extension order was merely voidable,[8] we need only determine whether the Britts showed that they were entitled to a section 13.01(g) grace period extension due to accident or mistake.[9]

We believe that the Britts' reliance on the trial court's original order was a mistake of law that falls within the *Craddock* test. The trial court signed the February 24 order extending the deadline for filing the expert reports and curriculum vitae until March 26, 2004. Even though the Britts filed for an extension under 13.01(f) and not 13.01(g), they had the right to rely on the trial court's order granting the 13.01(f) extension. *See Saenz v. Sanders,* 241 S.W.2d 316, 318 (Tex.Civ.App.-San Antonio 1951, no writ) (parties must obey even invalid orders until overturned). Because we conclude that relying on a trial

---

8. In his April 22 reply to the Britts' response to his motion for rehearing, Yaquinto argued that the February 24 order was voidable.

9. Yaquinto argues that the trial court could not grant a section 13.01(f) extension because he had not yet answered. However, personal jurisdiction is dependent on citation being issued and served as required by law. *Mantis v. Resz,* 5 S.W.3d 388, 390 (Tex.App.-Fort Worth 1999, pet. denied), *overruled on other grounds by Sheldon v. Emergency Med. Consultants, I, P.A.,* 43 S.W.3d 701 (Tex.App.-Fort Worth 2001, no pet.). Therefore, the trial court had personal jurisdiction over Yaquinto.

court's erroneous order is a mistake of law encompassed by *Craddock,* we hold that the Britts met their burden of providing evidence of accident or mistake. Thus, we overrule Yaquinto's third issue.

■ Moreover, the doctrine of invited error does not preclude the Britts from asking the trial court to correct its prior order. *See Y Propane Serv., Inc. v. Garcia,* 61 S.W.3d 559, 570 (Tex.App.-San Antonio 2001, no pet.) (invited error doctrine only applies when a party asks something of the trial court and then complains on appeal that the trial court gave it to him). Here, the Britts acknowledge on appeal that the trial court's original order was incorrect. They seek on appeal to affirm the trial court's decision to *change* its initial order at their request. A trial court may reconsider and change its order at any time as long as it has plenary power. *Moore v. Brown,* 993 S.W.2d 871, 874 (Tex. App.-Fort Worth 1999, pet. denied). Therefore, we overrule Yaquinto's fourth issue.

## VII. Section 13.01(e)

■ In his first issue, Yaquinto contends that the trial court abused its discretion by failing to enter a judgment of dismissal with prejudice under section 13.01(e) and by failing to award him court costs and attorney's fees. In *Moseley,* we held that a trial court has no discretion but to grant a dismissal with prejudice when a claimant fails to file an expert report or dismiss within 180 days of filing the claim. We held that a trial court has no authority to grant a nonsuit or voluntary dismissal once a provider has filed for dismissal with prejudice under section 13.01(e). In *Mose-*

*ley,* however, we did not reach the issue of a trial court's discretion to grant a section 13.01(g) grace period extension despite the fact that the provider has already sought dismissal with prejudice. The claimants in *Moseley* did not appeal the trial court's *denial* of their request for a grace period extension.

Here, the trial court *granted* the extension and Yaquinto has clearly challenged that grant. Under the statute, the only way a claimant can extend the 180–day period is to file a section 13.01(f) or 13.01(g) extension or nonsuit the defendant. *See, e.g., Buruato v. Mercy Hosp. of Laredo,* 2 S.W.3d 385, 388 (Tex.App.-San Antonio 1999, pet. denied) (explaining that once 13.01(e) motion filed, only means of preventing dismissal is to request 13.01(g) extension). We held above that the trial court did not abuse its discretion by granting the Britts' section 13.01(g) grace period extension. Regardless, Yaquinto argues that he is entitled to attorney's fees and court costs. However, because the trial court properly granted a 13.01(g) extension, the trial court cannot grant the sanction of attorney's fees and court costs under section 13.01(e). *See* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(e) (1995 version). Therefore, we conclude that the trial court did not have the authority to award Yaquinto attorney's fees and court costs. *See id.* We overrule Yaquinto's first issue.

## VIII. Conclusion

We hold that the trial court properly granted the section 13.01(g) extension. Having overruled appellant's four issues, we affirm the judgment of the trial court.

## Appendix I

## TIME LINE OF EVENTS

| DATE | EVENT |
| --- | --- |
| 08-29-2003 | Britts file Original Petition |
| 02-05-2004 | Yaquinto served |
| 02-23-2004 | Britts file motion to extend time to furnish expert reports and curriculum vitae as to Sloane, Diffley, Yaquinto, and Radiology Associates |
| 02-24-2004 | Order granting 13.01(f) as to Sloane, Diffley, Yaquinto, and Radiology Associates |
| 03-01-2004 | Original Answer of Diffley, Yaquinto, and Radiology Associates |
| 03-01-2004 | Motion to Dismiss with Prejudice filed by Diffley, Yaquinto, and Radiology Associates |
| 03-10-2004 | Diffley, Yaquinto, and Radiology Associates Motion for Rehearing on, and Responses and Objections to, the Britts motion to extend time to furnish expert reports |
| 03-26-2004 | Britts motion to nonsuit Sloane, Yaquinto, and Harris Methodist Fort Worth |
| 03-31-2004 | Order granting the nonsuit as to Sloane, Yaquinto, and Harris Methodist Fort Worth |
| 04-15-2004 | Britts respond to Diffley and Radiology Associates' motion for rehearing on, and response and objection to, Britts' motion to extend time to furnish expert reports and article 4590i, section 13.01 motion to dismiss with prejudice, and alternatively, Britts' verified motion for thirty days additional time under section 13.01(g) |
| 04-22-04 | Sloane, Diffley, Yaquinto, Harris Methodist Fort Worth, and Radiology Associates' reply to Britts' response to defendant's motion for rehearing and the hearing was held |
| 04-22-04 | Hearing on Yaquinto's motion to dismiss with prejudice and the Britts' motion for a section 13.01(g) grace period extension |
| 05-12-04 | Order granting 13.01(g) extension and "denying" 13.01(f) extension |