COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-421-CV

 

 

MARIA LAL, INDIVIDUALLY AND                                          APPELLANTS

AS
REPRESENTATIVE OF THE ESTATE

OF JAGDISH LAL, AND AS
NEXT   

FRIEND
OF KAIRA LAL, AND AS NEXT

FRIEND
OF DANIEL LAL, AND JAMES

LAL,
ANES LAL, AND SHELLY LAL

 

                                                   V.

 

HARRIS METHODIST FORT
WORTH                                         APPELLEES

D/B/A
HARRIS METHODIST FORT

WORTH
HOSPITAL, SAJEELA MALIK,

M.D.,
AND ERNESTO A. CADORNA, M.D.

 

                                              ------------

 

             FROM
THE 67TH DISTRICT COURT OF TARRANT
COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

In a single issue, appellant
Maria Lal, individually and as representative of the estate of Jagdish Lal, and
as next friend of Kaira, Daniel, James, Anes, and Shelly Lal, appeals the
dismissal of her medical malpractice action. 
We affirm.








BACKGROUND

Jagdish Lal died on May 11,
2004.  All of the following events
occurred in 2006.  On May 8, Appellant
filed suit against appellees Harris Methodist Fort Worth d/b/a Harris Methodist
Fort Worth Hospital, Jeffrey Genato, M.D., Ernest A. Cadorna, M.D., and Sajeela
Malik, M.D., (AAppellees@) claiming medical malpractice.[1]  On July 13, the trial court entered a
discovery and docket control plan for a level 3 case (the AScheduling Order@).








Appellant faxed her expert
report to Appellees on September 7 and 12, and filed it on September 11.[2]  Under the 120-day deadline set by section
74.351 of the civil practice and remedies code, the expert report was due on
September 5.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a) (Vernon 2006). On September 11, Appellees filed motions
to dismiss for failure to timely provide the expert report under section
74.351.  Id.  Appellant filed a response and a motion for a
thirty-day extension on October 18, giving calendaring error as the reason for
the delay and also arguing that the Scheduling Order constituted a written
agreement among the parties setting the expert report due date at January 12,
2007.  Counsel for Appellee Harris
Methodist Fort Worth filed an affidavit in reply to Appellant=s response, averring that, with regard to the Scheduling Order and its
deadline for the designation of retained experts, 

[a]t
no time what [sic] it discussed that an agreement to the deadline for
designating retain experts was to extend or supplant the requirements of
Section 74.351.  Further, at no time did
I, or anyone on behalf of Harris Methodist Fort Worth Hospital, agree to any
extension of the deadline as required by Section 74.351.

 








The trial court held a
hearing on the motion to dismiss on October 20. Appellant presented the
arguments in her response: mistake, arguing that timeliness was an element of
the report for which she should be allowed the thirty-day extension; and the
Scheduling Order, asserting that it was an agreement between the parties to
extend the deadline because it was signed by all of the parties and stated that
reports did not need to be provided until January.  Appellees countered that timeliness was not
an Aexpert report@ element;
that chapter 74, when it replaced article 4590i, removed the Aaccident or mistake@ element from the statute; that the Scheduling Order specifically set
forth that statutory deadlines were excluded from the designation deadlines in
the order; and that there was no intent on the part of Appellees when the
agreement was created to agree to Appellant=s new interpretation.  After the
hearing, the trial court entered the order granting Appellees= motions to dismiss with prejudice.[3]

DISMISSAL

In Appellant=s sole point, she complains that the trial court erred by granting
Appellees= dismissals
because the late report was not caused by conscious indifference, so a
thirty-day extension should have been granted to her.  She also argues that the expert report due
date was impliedly extended by written agreement.

Standard Of Review













Although the denial of a
motion to dismiss under section 74.351 is 
reviewed under the abuse of discretion standard, we will review de novo
the trial court=s decision
to grant the motion to dismiss here.  We
do this because section 74.351 has evolved significantly from its previous
incarnation as article 4590i of the Revised Civil Statutes, and statutory
construction is a matter of law, which we review de novo.[4]  See Dallas Cmty. Coll. Dist. v. Bolton,
185 S.W.3d 868, 872 (Tex. 2005); Johnson v. City of Fort Worth, 774
S.W.2d 653, 656 (Tex. 1989); see also Park v. Lynch, 194 S.W.3d 95, 97‑99
(Tex. App.CDallas 2006,
no pet.) (reviewing trial court=s decision to deny motion to dismiss under abuse‑of‑discretion
standard and discussing transition from article 4590i to section 74.351); Yaquinto
v. Britt, 188 S.W.3d 819, 823 (Tex. App.CFort Worth 2006, pet. denied) (stating that if a plaintiff failed to
comply with the expert report requirements under article 4590i, section
13.01(d), and the defendant filed a motion to dismiss with prejudice, the trial
court had no discretion and had to enter an order dismissing the case with
prejudice); Kendrick v. Garcia, 171 S.W.3d 698, 702 (Tex. App.CEastland 2005, pet. denied) (discussing the possibility that the abuse
of discretion standard would no longer apply to section 74.351); cf. Am.
Transitional Care Ctrs. of Texas, Inc. v. Palacios, 46 S.W.3d 873, 877-78
(Tex. 2001) (stating that abuse-of-discretion standard applied to section
13.01(d) because section 13.01(e)=s language required trial court to enter dismissal order Aas sanctions@ and
sanctions are reviewed for abuse of discretion; the Asanctions@ language is
not present in the current statute); Petrus-Bradshaw v. Dulemba, 158
S.W.3d 630, 632 (Tex. App.CFort Worth 2005, pet. denied) (citing Palacios for the
proposition that a trial court=s dismissal of a cause of action under former article 4590i, section
13.01 is treated as a sanction and reviewed under an abuse of discretion
standard).  Because the issues before the
trial court with regard to Appellees= motions to dismiss here require interpretation of the statute, we
apply the de novo standard.  See Danos
v. Rittger, No. 01‑06‑00350‑CV, 2007 WL 625816, at *2 (Tex.
App.CHouston [1st Dist.] Mar. 1, 2007, pet. filed); Buck v. Blum,
130 S.W.3d 285, 290 (Tex. App.CHouston [14th Dist.] 2004, no pet.).

Statutory Construction








In construing a statute, we
seek to determine and give effect to the legislature=s intent.  City of San
Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003); see also Tex. Gov=t Code Ann. ' 312.005 (Vernon 2005) (stating that we shall also Aconsider at all times the old law, the evil, and the remedy@). We look first to the plain meaning of the words of the
provisions.  Bd. of Adjustment of the
City of San Antonio v. Wende, 92 S.W.3d 424, 430 (Tex.  2002). 
If the statutory language is unambiguous, we must adopt the
interpretation supported by the plain language of the provision unless that
interpretation would lead to absurd results. 
Tex. Dep=t of Prot.
& Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 177 (Tex. 2004). 
The medical liability act was enacted by the Texas Legislature to
curtail frivolous claims against physicians and related health care
providers.  Yaquinto, 188 S.W.3d
at 823 (discussing purpose of article 4590i, section 13.01). 

Section 74.351= s Expert Report Requirement

Section 74.351(a) requires
that the plaintiff serve an expert report with a curriculum vitae of each
expert listed in the report on each party or his or her attorney within 120
days of filing a medical liability claim. 
See Tex. Civ. Prac. &
Rem. Code Ann. '
74.351(a).  Section 74.351(b)(2) states
that if the expert report has not been served within the 120-day period, on the
motion of the affected physician or health care provider, the court Ashall, subject to Subsection (c), enter an order that . . . dismisses
the claim with respect to the physician or health care provider, with prejudice
to the refiling of the claim.@  Id. ' 74.351(b).








Appellant argues that her
case is distinguishable from cases in which dismissals due to late-filed expert
reports were affirmed because, unlike those cases, her counsel Aworked diligently to provide the report in question@ and Appellees A[were] in no
way prejudiced by the delay.@  Therefore, she contends that a
thirty‑day extension should have been granted because the late report was
not caused by conscious indifference. 
She seeks to have her circumstances treated as a good faith mistake and
claims that the Aexpert
report@ has a Atimeliness@ element, the deficiency of which would allow for an extension under
section 74.351(c).

The pertinent portion of
subsection (c) states, AIf an expert
report has not been served within the period specified by Subsection (a)
because elements of the report are found deficient, the court may grant one 30‑day extension to the claimant in
order to cure the deficiency.@ Id. ' 74.351(c) (emphasis added). 
The plain language of the subsection requires that elements of the
expert report must be found deficient for the trial court to consider granting
an extension and makes no mention of an exception, good faith or otherwise, for
mistake.  See id.  However, at Appellant=s request, we review section 74.351 to determine whether the Aexpert report@ elements
include a timeliness aspect.

Section 74.351(r)(6) defines Aexpert report@ as 

a written report by an expert
that provides a fair summary of the expert=s opinions as of the date of the report regarding applicable
standards of care, the manner in which the care rendered by the physician or
health care provider failed to meet the standards, and the causal relationship
between that failure and the injury, harm, or damages claimed.








Id. ' 74.351(r)(6) (emphasis added). 
No changes were made by the legislature with regard to section
74.351(r)(6), previously article 4590i, section 13.01(r)(6).  See id.; Act of May 5, 1995, 74th
Leg., R.S., ch. 140, ' 1, 1995
Tex. Gen. Laws 985, repealed by Act of June 2, 2003, 78th Leg., R.S.,
ch. 204, '' 10.01,
10.09, 2003 Tex. Gen. Laws 847, 864‑82, 884; see also Bowie Mem=l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex.
2002) (stating that the statutory definition under 13.01(r)(6) requires the
expert=s opinion on each of the three elements identified by the medical
liability act: standard of care, breach, and causal relationship). 

Absent from the elements of
an expert report are any mention of time, other than with regard to the expert=s opinions Aas of the
date of the report.@  Tex.
Civ. Prac. & Rem. Code ' 74.351(r)(6).  The date on
Appellant=s expert
report is September 7, 2006, two days after the 120-day deadline in section
74.351(a).  The elements, (1) a written
report, (2) by an expert, and (3) summarizing his opinions on the substance of
Appellant=s claim,
appear to have been met by Appellant=s expert report, and, other than her timeliness argument, Appellant
has raised no deficiency with regard to the report=s elements.  Based on the
statute=s plain language, then, we conclude that Appellant=s argument that there is a Atimeliness@ element in
the expert report requirements must fail.  See id.[5]









With regard to Appellant=s Aconscious
indifference@ and Agood faith@ arguments,
under article 4590i, section 13.01(g),

if a claimant has failed to
comply with a deadline established by Subsection (d) of this section and after
hearing the court finds that the failure of the claimant or the claimant=s attorney was not intentional or the result of conscious indifference
but was the result of an accident or mistake, the court shall grant a grace
period of 30 days to permit the claimant to comply with that subsection.

Act of May 5, 1995, 74th Leg., R.S., ch. 140, ' 1, 1995 Tex. Gen. Laws 985, repealed by Act of June 2, 2003,
78th Leg., R.S., ch. 204, '' 10.01, 10.09, 2003 Tex. Gen. Laws 847, 864‑82, 884.








The legislature amended the
expert report requirements by omitting the Aaccident or mistake@ exception in section 74.351.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351 (stating Asubsections (d)-(h) reserved@).  Every word excluded from a
statute must be presumed to have been excluded for a reason.  Morrison v. Chan, 699 S.W.2d 205, 208
(Tex. 1985).  The amendment of an act
indicates that the legislature intended to change the original act by creating
a new right or withdrawing an old one.  See
Am. Honda Motor Co., Inc. v. Tex. Dep=t of Transp. Motor Vehicle Div., 47 S.W.3d
614, 621 (Tex. App.CAustin 2001,
pet. denied).  Therefore, by amending
section 74.351, the legislature indicated that it intended to change the
original act.  See id.  In this instance, the legislature withdrew
the Aaccident or mistake@ exception, which a claimant could have previously asserted when
failing to timely furnish an expert report, as Appellant tries to here.  See Marine Transp. Corp. v. Methodist Hosp.,
221 S.W.3d 138, 153-54 (Tex. App.CHouston [1st Dist.] 2006, no pet.) (discussing cases involving article
4590i, section 13.01(g) grace period and good faith and noting that calendaring
errors had been held to establish accident or mistake).  However, as a result of the omission of the Aaccident or mistake@ exception in the current section 74.351, we must conclude that
Appellant=s argument
here also fails.  See Morrison, 699
S.W.2d at 208.

Written Agreement Exception

Finally, we address Appellant=s argument that the expert report due date was impliedly extended by
written agreement in the Scheduling Order.













Section 74.351(a) provides
that A[t]he date for serving the report may be extended by written agreement
of the affected parties.@  Tex.
Civ. Prac. & Rem. Code ' 74.351(a).  The same rules of
interpretation apply in construing the meaning of court orders as in
ascertaining the meaning of other written instruments.  See Lone Star Cement Corp. v. Fair,
467 S.W.2d 402, 404‑05 (Tex. 1971). 
The entire contents of an instrument and the record should be considered
in construing the meaning of a court order or judgment, and the order is to be
read as a whole.  See id. at 405; Palomin
v. Zarsky Lumber Co., 26 S.W.3d 690, 694 (Tex. App.CCorpus Christi 2000, pet. denied). 
With regard to docket orders, when such an order does not expressly
mention the section 74.351(a) expert report or even suggest an extension of the
deadline, the order, without more, does not extend the deadline.  See Rugama v. Escobar, No. 04‑05‑00764‑CV,
2006 WL 923701, at *2 (Tex. App.CSan Antonio April 5, 2006, no pet.) (mem. op.) (stating that nothing
in the order, when viewed in context, hinted at an agreement to extend
subsection (a)=s deadline);
Hall v. Mieler, 177 S.W.3d 278, 281‑82 (Tex. App.CHouston [1st Dist.] 2005, no pet.) (stating that docket control order
that established discovery limitations and established deadlines for joinder,
motions, pleas, and expert witness designations did not extend deadline when it
did not address expert reports or deadline set by article 4590i, section
13.01(d)); Finley v. Steenkamp, 19 S.W.3d 533, 539-40 (Tex. App.CFort Worth 2000, no pet.) (stating that scheduling order did not
extend time for filing expert report when trial court did not issue order until
after expert report deadline had passed, order did not designate a date to
provide expert reports, only testifying expert witnesses, and nothing in order
implied trial court was altering expert report deadline under article 4590i).








The Scheduling Order does not
expressly mention the section 74.351(a) expert report.  It does give January 12, 2007 as the deadline
for APLAINTIFF=S RETAINED
EXPERT DESIGNATIONS,@ requiring
designation of experts and provision of their reports, immediately followed by
February 28, 2007 as the deadline for ADEFENDANTS= RETAINED
EXPERT DESIGNATIONS@ and the
same requirements.  As in Finley,
the order explicitly requires Appellant to provide the name, address, and
subject of testimony for each of her retained expert witnesses.  See Finley, 19 S.W.3d at 539.  Unlike Finley, both the plaintiff and
defendant=s
designations require reports from those experts.  See id.  Viewed in context, however, these requirements
merely comply with the civil procedure rules pertaining to discovery.  See Tex.
R. Civ. P. 192.3(e) (testifying and consulting experts), 192.7(c)-(d)
(testifying and consulting experts), 194.2(f)(1)-(4) (disclosure with regard to
testifying experts), 195.2 (schedule of designating experts); see also
Olveda v. Sepulveda, 141 S.W.3d 679, 684 (Tex. App.CSan Antonio 2004, pet. denied) (construing discovery scheduling order
under article 4590i, section 13.01 as not extending deadline when it was issued
a month after the deadline and the order mentioned expert witnesses and Aretained@ experts
indicating testifying experts).  Rule
194.2(f)(4)(A) specifically states that if an expert is retained by a party,
the other party may request disclosure of Aall documents, tangible things, reports, models, or data compilations
that have been provided to, reviewed by, or prepared by or for the expert in
anticipation of the expert=s testimony.@  Tex.
R. Civ. P. 194.2(f)(4)(A).  The
Scheduling Order also makes clear that any deadlines set forth within it
prevail over the rules of civil procedure. 
And section 74.351(s) sets forth that the 74.351(a) expert report is a
condition precedent to discovery other than the patient=s healthcare information, stating, 

Until
a claimant has served the expert report and curriculum vitae as required by
Subsection (a), all discovery in a health care liability claim is stayed except
for the acquisition by the claimant of information, including medical or
hospital records or other documents or tangible things, related to the patient=s
health care through: (1) written discovery as defined in Rule 192.7, Texas
Rules of Civil Procedure; (2) depositions on written questions under Rule 200,
Texas Rules of Civil Procedure; and (3) discovery from nonparties under Rule
205, Texas Rules of Civil Procedure.

 








Tex. Civ. Prac. &
Rem. Code Ann. ' 74.351(s); Rugama, 2006 WL 923701, at *2 (acknowledging
stay and noting that the expert report required by section 74.351 is separate
from the designation of experts contemplated under the discovery rules).

Finally, the conclusion of
the Scheduling Order states,

All
statutory guidelines established by Article 4590i are not controlled by this
Plan.  Approval of this Plan by all
attorneys and this Court does not represent an agreement by the parties and
approval by this Court of modifying any statutory deadlines except those
deadlines found in the Texas Rules of Civil Procedure and any Local Rules of
the Tarrant County District Courts. 

 

Although the Scheduling Order cites to section
74.351=s predecessor, its plain language sets forth that the statutory
guidelines were to remain in place and that it did not constitute an agreement
to modify any of the statutory deadlines in section 74.351.  Cf. CIGNA Healthcare of Tex., Inc. v. Pybas,
127 S.W.3d 400, 407-08 (Tex. App.CDallas) (interpreting parties= Rule 11 agreement as an agreement under article 4590i, section
13.01(h), to extend time to file an expert report), judgm=t vacated & case dism=d pursuant to settlement, 2004 WL
585008 (Tex. App.CDallas Mar.
25, 2004, no pet.) (mem. op.).  Appellees
also submitted an affidavit to the trial court, stating that an extension for
the expert report was neither discussed nor intended as part of the Scheduling
Order and that they did not agree to any such extension.








Viewed within the context of
discovery procedure, which the Scheduling Order was intended to control, and
the requirements of section 74.351, nothing in the Scheduling Order either
directly or by implication suggests that the parties had a written agreement to
extend the deadline for serving the section 74.351(a) expert report or that the
Scheduling Order itself was considered as such an agreement at the time of its
formation.  Therefore, Appellant=s last argument fails. 
Appellant=s failure to
serve the expert report in a timely manner left the trial court with no
discretion but to dismiss her claims with prejudice.  Tex. Civ. Prac. & Rem.
Code Ann. '
74.351(b)(2); see also Etheredge v. McCarty, No. 05‑05‑00164‑CV,
2006 WL 1738258, at *1 (Tex. App.CDallas June 27, 2006, no pet.) (mem. op.) (upholding trial court=s dismissal when plaintiff missed 120-day deadline by one day).  We overrule Appellant=s sole issue.

CONCLUSION

Having overruled Appellant=s sole point, we affirm the trial court=s order dismissing her claim with prejudice.

 

DIXON W. HOLMAN 

JUSTICE

 

PANEL F: 
LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: 
July 12, 2007











[1]Dr. Genato was later nonsuited.





[2]Appellee Harris Methodist Fort
Worth received the faxed report on September 7. 
The remaining Appellees, Doctors Malik and Cadorna, did not receive the
faxed report until September 12.





[3]At the close of arguments, the
trial judge expressed his reluctance, stating,

 

I don=t even know how I can abuse my
discretion because the statute has taken away any discretion.  I don=t even get a choice . . . it=s automatic is the way I look at
it.  I have to grant the motions to
dismiss.  I don=t have a choice.  Albeit as harsh as it is, the law is the law.

 

 





[4]In 2003, the Texas Legislature
repealed article 4590i of the Revised Civil Statutes and moved substantially
amended provisions of former article 4590i to Chapter 74 of the civil practice
and remedies code.  See Act of
June 2, 2003, 78th Leg., R.S., ch. 204, '' 10.01, 10.09, 2003 Tex. Gen. Laws 847, 864‑82, 884.





[5]We note that other courts have
construed section 74.351(c) to mean that the thirty-day extension applies only
when an initial expert report is timely filed, and not to extend the deadline
for the first filing of the expert report. 
See Estate of Regis ex rel. McWashington v. Harris County Hosp. Dist.,
208 S.W.3d 64, 67 (Tex. App.CHouston [14th Dist.] 2006, no pet.) (AAlthough section 74.351(c) gives a
court discretion to grant 30 days to amend a deficient expert report, this
section applies only when an initial report is timely filed; it is not
available to extend the deadline for first filing a report.@); Valley Baptist Med. Ctr. v.
Azua, 198 S.W.3d 810, 815 (Tex. App.CCorpus Christi 2006, no pet.) (holding that A[a]n extension under section
74.351(c) is not available if the expert report is not served by the deadline@); Herrera v. Seton Nw. Hosp.,
212 S.W.3d 452, 460 (Tex. App.CAustin, 2006, no pet.) (noting that section 74.351(c) did
not apply to plaintiff=s late-filed expert report because
that section Apermits extensions for expert
reports that the court finds deficient in substance, not for reports that are
filed untimely@); Thoyakulathu v. Brennan,
192 S.W.3d 849, 852‑53 (Tex. App.CTexarkana 2006, no pet.) (same).  Because we conclude that Appellant=s timeliness argument fails and she
makes no other argument with regard to 74.351(c), we do not reach this issue.