IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00080-CR

 

Gary Montgomery,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-03937-CRF-361

 



ABATEMENT ORDER










 

            Gary Montgomery was charged with two
counts of Aggravated sexual assault.  A jury found him guilty and the trial
court assessed punishment at 25 years in prison on both counts.  Montgomery appealed.

            Montgomery filed his notice of appeal
with the trial court on March 15, 2007.  The reporter’s record was due April 3,
2007.  See Tex. R. App. P.
35.2.  On June 28, 2007 the Clerk of this Court notified the official reporter
of the 361st District Court that the reporter’s record had not been filed.  The
Clerk requested the filing of the record within 30 days and if the reporter’s
record could not be filed within that time, to notify the Court immediately. 
We received no response from the reporter.  

            On July 17, 2007 and because multiple
records by this particular reporter were overdue, the Clerk of this Court
requested the reporter to immediately inform the Court as to the date the
records, including the record in this appeal, would be filed.  A spreadsheet of
the overdue records was included with the letter.  We received no response from
the reporter.  

            The reporter’s record is now over 6
months overdue.  And this is not the only appeal of a criminal conviction which
has come to a standstill because of this reporter.  See Jimenez v. State,
No. 10-07-00056-CR, 2007 Tex. App. LEXIS _____ (Tex. App.—Waco Nov. 14, 2007,
order) (published); Yarbrough v. State, No. 10-06-00328-CR (Tex. App.—Waco Nov. 14, 2007, order) (not designated for publication); Lopez v. State, No.
10-06-00262-CR (Tex. App.—Waco Nov. 14, 2007) (not designated for publication). 
The location of the reporter was unknown to us for a period of time.  See
Hot Rod Hill Motor Park v. Triolo, No. 10-06-00092-CV (Tex. App.—Waco Oct. 10, 2007, order) (not designated for publication).  Further, as a result of an
abatement and hearing, the location of the reporter has recently become known
to us.  See id.  

            Though we might prefer to reverse and
remand this criminal proceeding due to this delay, the Court of Criminal
Appeals requires more than just numerous unsuccessful efforts to obtain the
reporter’s record.  Johnson v. State, 151 S.W.2d 193 (Tex. Crim. App.
2004).  Specifically, before we can reverse the judgment of the trial court and
remand this proceeding for a new trial, “the appellant must show (1) that a
significant portion of the record was lost or destroyed, (2) through no fault
of [his] own, (3) that the missing portion of the record is necessary to [his]
appeal, and (4) the parties cannot agree on the record.”  Routier v. State,
112 S.W.3d 554, 570 (Tex. Crim. App. 2003).  We also note that “a court
reporter’s notes and records, or portions thereof, can be considered ‘lost’
only if the missing portions of the appellate record are irretrievable.”  Johnson
v. State, 151 S.W.2d 193, 196 (Tex. Crim. App. 2004).

            We have determined that the trial
court is in a better position to make the evidentiary record and determination
of the four elements required by Routier before a new trial can be
granted.  Accordingly, we abate this proceeding to the trial court for a
determination of these issues.  See Kirtley v. State, 56 S.W.2d
48, 52 n.3 (Tex. Crim. App. 2001) (“The Court of Appeals should begin with a
determination as to which court should conduct the remaining Rule 34 analysis.
If the appellate court finds that such analysis is best done by the trial
court, it may remand the case accordingly.”).

            The trial court shall:  1) conduct a
hearing within 21 days from the date of this Order; and 2) prepare and tender
to the trial court clerk written findings of fact and conclusions of law and a
signed, written order consistent with this Order within 28 days from the date
of this Order.  The trial court shall also take whatever actions it deems
appropriate, including holding the reporter in contempt until the record has
been filed, to ensure that if it can be prepared, the record or any part of it
is prepared and delivered to the trial court within 14 days of the date of the
hearing.

            The trial court clerk shall prepare
and file a supplemental clerk’s record containing a copy of the trial court’s
findings of fact and conclusions of law and the trial court’s written order
with the Clerk of this Court within 35 days from the date of this Order.

            The current official reporter of the
trial court shall prepare and file a supplemental reporter’s record of the
abatement hearing with the Clerk of this Court within 35 days from the date of
this Order.  

 

                                                                                    PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
abated

Order
issued and filed November 14, 2007

Do
not publish

[CR25]






rits, the trial court should dismiss the claims without prejudice.  See
Subaru of America, Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002) (citing Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999), and Crofts
v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962)).

            Here, the dismissal orders
were not and are not final.  ETC’s post-trial motions were timely filed and
ruled on by the court, and a notice of appeal was timely filed.  ETC asked the
court to correct the dismissal orders, and the court refused to do so.

            The landowners reply that
the doctrine of invited error presents an additional obstacle to ETC’s request
for modification of the dismissal orders.  We disagree.  The invited-error doctrine
is one utilized in appellate review.  It applies when a party asks something of
the trial court and then complains on appeal that the trial court granted it.  See
Yaqiento v. Britt, 188 S.W.3d 819, 829 (Tex. App.—Fort Worth 2006, pet.
denied) (citing Y Propane Serv., Inc. v. Garcia, 61 S.W.3d 559, 570
(Tex. App.—San Antonio 2001, no pet.)).  Although ETC’s notice of nonsuit
stated that the nonsuit was “with prejudice,” the motion to dismiss did not so
state, and the court granted the motion to dismiss.  Furthermore, ETC asked the
trial court to correct the error during that court’s plenary power, and it is
the trial court’s refusal to do so that is the grounds for their appeals.  
Under these circumstances, we hold that the doctrine of invited error does not
apply.

            The trial court abused its
discretion in refusing to modify the order of dismissal in each case.  We
therefore strike the words "with prejudice to the refiling of same"
from the “Order Dismissing Cause and Awarding Attorney’s Fees” in each case,
and we affirm the orders as modified.  Tex.
R. App. P. 43.2(b) (The court of appeals may . . . “modify the trial
court’s judgment and affirm it as modified.”).

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

            (Chief
Justice Gray concurs in the judgment with a note)*

Orders
Modified and Affirmed

Opinion
delivered and filed December 3, 2008

 [CV06]

 

*(Chief
Justice Gray concurs in the judgment.  A separate opinion will not issue.  He
notes, however, that there are two issues presented.  Appellant’s first issue
is whether the trial court has jurisdiction during the administrative phase of
a condemnation proceeding to grant the condemnee’s “motion to dismiss” “with
prejudice.”  Because a positive answer to that issue is a prerequisite to
reaching the second issue, I would review it and hold that, as asked, the
answer is yes.  The trial court has jurisdiction to render such an order—it may
be an erroneous order, but the trial court has jurisdiction to render such an
order.  This holding thus leads to appellant’s second issue of whether the
trial court erred in rendering such an order in these proceedings.  I agree
that it did.)

 









[1] From here forward, when we recite an
event, that event took place in each of the five cases in the trial court.

 





[2] Only  ETC’s notice of nonsuit states
“with prejudice.”  The motion to dismiss does not.





 

[3] The second set of five proceedings are
the subject of other matters before us:  five original mandamus proceedings (our
cause numbers 10-08-00212-CV thru 10-08-00216-CV), in which we conditionally
granted relief on October 1, 2008, (2008 WL 4444487) and denied rehearing on
November 26, 2008 (2008 WL ------), and five direct appeals from the orders
dismissing the second set of condemnation cases (our cause numbers
10-08-00248-CV thru 10-08-00252-CV).





[4] A dismissal with prejudice that becomes
final operates as a bar to relitigation of the same claims in a later
proceeding.  Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991)
(dismissal for discovery abuse); Decker v. Dunbar, 200 S.W.3d 807,
812-13 (Tex. App.—Texarkana 2006, pet. denied) (inmate claims).