

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00114-CV

**IN RE** Crystal **LUCAS**

Original Mandamus Proceeding[1]

Opinion by:   Karen Angelini, Justice

Sitting:   Karen Angelini, Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  April 3, 2013

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

This original proceeding stems from an order, dated February 6, 2013, requiring the parties to appear for a Court Ordered Progress Report.  Relator Crystal Lucas alleges the trial court's order is void as a matter of law.  Because the trial court's order was made outside the court's plenary power, we conditionally grant the petition for writ of mandamus.

### FACTUAL BACKGROUND

In December of 2012, in cause number 2012-PA-02899, the Texas Department of Protective and Regulatory Services (TDPRS) brought suit against the parents of K.L. under Chapter 262 of the Texas Family Code.  An adversarial hearing was held before Associate Judge Richard Garcia on December 17, 2012.  On December 19, 2012, the trial court entered an order

---

[1] This proceeding arises out of Cause No. 2012-PA-02899, styled *In the Interest of K.L., A Child*, in the 225th Judicial District Court, Bexar County, Texas, the Honorable Peter A. Sakai presiding.

denying the Department's request for temporary managing conservator of the subject child and dismissing the suit without prejudice.

On February 4, 2013, the Honorable Peter Sakai prepared a memo addressed to Associate Judge Garcia, with copies to the court clerk and the Children's Court Coordinator, ordering all witnesses who may have information as to the death of this child to appear for a progress report. On February 6, 2013, the trial court issued an order setting the progress report hearing for February 19, 2013.

On February 13, 2013, Lucas filed a petition for writ of mandamus and motion for emergency relief asserting that because the trial court's plenary power had expired, the trial court no longer had jurisdiction over the case. This court granted the emergency relief, staying all proceedings in Cause No. 2012-PA-02899 pending final resolution of the petition, and provided an opportunity for the respondent or real party in interest to file a response no later than March 1, 2013. No response was filed.

### STANDARD OF REVIEW

Mandamus is an extraordinary remedy that is available only in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). For example, a writ of mandamus will issue to correct an order of the trial court that the court had no power to render and which is, therefore, void. *See Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993) (orig. proceeding).

Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired because the order is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig.

proceeding). Specifically, when a trial court erroneously reinstates a case after its plenary power has expired, there is no adequate remedy by appeal and mandamus is the appropriate remedy. *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding); *S. Main Bank v. Wittig*, 909 S.W.2d 243, 244 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). Relief may be granted to set aside an order issued on the merits of a case after the trial court's plenary power expires. *In re Daredia*, 317 S.W.3d 247, 250 (Tex. 2010) (orig. proceeding).

### PLENARY POWER

A trial court may reconsider and change its order at any time as long as it has plenary power. *Yaquinto v. Britt*, 188 S.W.3d 819, 829 (Tex. App.—Fort Worth 2006, pet. denied). Based on the limited record before us, it appears as if no timely motions were filed and no timely requests were made to reinstate the matter on the court's docket. Accordingly, Lucas contends that pursuant to Texas Rule of Civil Procedure 329b the trial court lost jurisdiction over this cause of action thirty days after the December 19, 2012 dismissal order was signed, and therefore, the trial court could not set the matter for a hearing after the thirty days had expired. *See* TEX. R. CIV. P. 329b.

A trial court retains plenary jurisdiction over a case for thirty days after its judgment becomes final. *See* TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 311–12 (Tex. 2000). Because this order was signed after the trial court's plenary power expired, the order is void. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (granting mandamus relief to set aside an order granting a motion for new trial filed after the trial court's plenary power had expired); *see also In re Prudential*, 148 S.W.3d at 136–137. Thus, based on the record before this court and the applicable law, the trial court abused its discretion in setting the matter for a court-ordered progress report.

## CONCLUSION

Having determined that Relator Crystal Lucas is entitled to relief, we conditionally grant the petition for writ of mandamus. Accordingly, the trial court is ordered to vacate its February 6, 2013 order. Mandamus will issue only if the trial court fails to comply with this order within fourteen days.

Karen Angelini, Justice